**UNITED STATES of America,
Appellee,**

v.

**Larry Edward STEAD, Appellant.**

**No. 19733.**

United States Court of Appeals,
Eighth Circuit.

March 2, 1970.

Rehearing Denied March 25, 1970.
Certiorari Denied May 4, 1970.
See 90 S.Ct. 1534.

Lawrence O. Willbrand, St. Louis, Mo., on brief, for appellant.

James M. Gordon, Asst. U. S. Atty., St. Louis, Mo., for appellee; Daniel Bartlett, Jr., U. S. Atty., on the brief.

Before MATTHES, GIBSON and LAY, Circuit Judges.

PER CURIAM.

This is a direct appeal from a trial held January 23, 1969, Judge James H. Meredith presiding, in which a jury found the defendant, Larry Edward Stead, guilty of attempting to enter the Jefferson Savings and Loan Association, a federally insured institution, with intent to commit larceny. He was sentenced to twenty years in the custody of the Attorney General.

Stead appeals on the basis of three allegations of error. He claims (1) his arrest was without probable cause, (2) the Government's argument to the jury was inflammatory and prejudicial and amounted to reversible error, and (3) the Court erred in its instructions to the jury defining reasonable doubt.

■ The first claim is without substance. Miss Veronica Hancock was standing near the Jefferson Savings and Loan Association at Cherokee and California Streets in St. Louis, Missouri, in the early morning hours of November 15, 1968. While there she heard noises which sounded like hammering coming from the Jefferson Savings and Loan Association roof. She also saw two shadows on the wall across the alley from the Association building. One of the shadows appeared to picture a man picking at a roof. Miss Hancock immediately called the police from a nearby telephone booth. Officer Gary H. Perkins was dispatched to the scene. Officer Perkins saw a person crouched in the alley crawling south towards Cherokee Street. As the person emerged at the far end of the alley on Cherokee Street Officer Perkins apprehended him. The person arrested was the defendant Stead. Although Stead alibis that he was in the area looking for a girl friend after a lengthy card game with some friends, it is clear that Officer Perkins had probable cause to make Stead's arrest based upon Miss Hancock's story which was quickly corroborated by the suspicious circumstances of Stead stealthily stealing through a dark alley on his hands and knees.[1] Stead does not contend the evidence is insufficient to warrant a judgment of conviction.

Stead next objects to the Government's closing argument to the jury. Specifically he objects to the Government saying in its closing argument:

"I submit to you now after presentation of his evidence not only can you find him guilty, but you can see what is the makeup of this kind."

\* \* \*

"Ladies and gentlemen, I urge you, based upon the evidence in this case, for the good of the community that you represent, rid ourselves of these burglars, sneak thieves in the night \* \* \* and find him guilty as charged."

■ Defendant's counsel objected to this statement and the jury was advised by the Court that the Government's comment was not evidence. The Government's argument, however, was obviously based upon the evidence presented at trial, which evidence was ample to support a finding that Stead was guilty and was a burglar. The Government merely went on to stress to the jury its duty, and the importance of incarcerating a man a jury believes to be guilty of crimes against the community, rather than allowing feelings of mercy to result in an innocent verdict for a guilty man. We believe that even without the cautionary admonition by the Court to the jury this argument was within permissible bounds.

Finally, Stead challenges the Court's instruction to the jury defining reasonable doubt. The Court stated:

"Let me say to you further on this subject, ladies and gentlemen of the jury, it is not necessary for the Government to prove the guilt of the defendant beyond all possible doubt. If that were the rule, few men, however guilty they might be, would be convicted. In this world of ours, it is practically impossible for a person to be absolutely and completely convinced of any fact which by its nature is not susceptible of mathematical proof and certainty. In consequence, the law is such that in a criminal case it is enough that the defendant's guilt be

---

1. The issue of the legality of Stead's arrest was first raised in a pro se supplemental brief filed for the purposes of this appeal. Since it was not raised at trial, nor was a motion to suppress made, we need not consider this issue here. We have, however, considered the issue on its merits and believe the facts outlined clearly justified the arrest. Prob-

able cause exists since a prudent man would have had reason to believe that this defendant had committed a felony. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1924). Stead's counsel was correct in analyzing the facts and not filing a useless and frivolous motion to suppress.

established beyond a reasonable doubt, and not all possible doubt."

■ It appears from the record before us that this instruction was not objected to at trial. If it was not objected to at trial, Rule 30 Federal Rules of Criminal Procedure prevents its being assigned as error on appeal. Friedman v. United States, 381 F.2d 155 (8th Cir. 1967).

■ Even if objection was properly made at trial we find the instruction not to be improper. This precise instruction was approved in Friedman v. United States, *supra* at 160–61. There is no agreed upon or required definition of reasonable doubt which must be used. The instruction given was not misleading or confusing. This instruction is not identical to the one given in Mathes and Devitt, Federal Jury Practice and Instructions, § 8.01, page 83, (1965). However, there is little difference between the statement in Mathes and Devitt that:

"A reasonable doubt is a fair doubt, based upon reason and common sense, and arising from the state of the evidence. It is rarely possible to prove anything to an absolute certainty."

and the statement in the instruction used here that:

"It is not necessary for the Government to prove the guilt of the defendant beyond all possible doubt * * * it is practically impossible for a person to be absolutely and completely convinced of any fact which by its nature is not susceptible of mathematical proof and certainty."

Portions of the rest of the reasonable doubt instruction used here by the Court may be somewhat extraneous or unnecessary but they are not prejudicial.[2]

Judgment affirmed.

**2.** While we think the instruction given by the Court in this case is not improper, we do feel that the substance of the Mathes and Devitt instruction on this point presents a more objective approach to the "reasonable doubt" concept and is to be preferred over the Court's instruction.