**Harold Gene McANULTY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 72–1275.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1972.

Decided Nov. 14, 1972.

Rehearing and Rehearing En Banc
Denied Dec. 7, 1972.

who was both the sentencing judge and the judge on this § 2255 motion, denied McAnulty relief and this appeal followed.[1] We affirm.

In ruling adversely on the motion, Judge Meredith specifically stated:

> In the instant case, this judge (who was the sentencing judge) was and still is of the opinion that regardless of any invalidity or absence of previous convictions, under the facts and circumstances of this case, six years was the appropriate sentence for this conviction which provided for a maximum imprisonment of ten years. Thus, no prior convictions or materially false assumptions enhanced petitioner's sentence.

In light of this statement, appellant's reliance on United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), is not well taken. In *Tucker,* the Supreme Court ruled that where constitutionally invalid convictions may have enhanced the sentence in a federal prosecution, the case must be remanded to the trial court for reconsideration of the sentence. The Court, in rejecting the government's argument that resentencing would amount to useless procedure, commented, "We cannot agree with the government that a re-evaluation of the respondent's sentence by the District Court even at this late date will be either 'artificial' or 'unrealistic.'" *Id.* at 448–449, 92 S.Ct. at 592. In a footnote the Court added:

> * * * [T]he respondent's guilt of that offense [bank robbery] hardly "translates" into an "inescapable" assumption that the trial judge would have imposed a maximum 25-year prison sentence if he had known that the respondent had already been unconstitutionally imprisoned for more than 10 years. It would be equally callous to assume, now that the constitutional invalidity of the respondent's previous convictions is clear, that the trial judge will upon reconsideration "undoubted-

---

Harold Gene McAnulty, pro se.

Daniel Bartlett, Jr., U. S. Atty., and J. Patrick Glynn, Asst. U. S. Atty., St. Louis, Mo., on brief for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and TALBOT SMITH, District Judge.*

PER CURIAM.

Appellant, Harold Gene McAnulty, petitioned the district court under 28 U.S.C. § 2255 to vacate a six-year prison sentence which he was serving for theft of property from an interstate shipment in violation of 18 U.S.C. § 659. McAnulty asserted that the sentencing judge had given explicit consideration to three prior felony convictions which were allegedly invalid under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), because they rested upon uncounselled guilty pleas. The judge also allegedly considered incorrect information that appellant had suffered a 1957 burglary conviction. Judge Meredith,

---

\* Eastern District of Michigan, sitting by designation.

I. The district court's opinion is reported at 341 F.Supp. 927 (E.D.Mo.1972).

ly" impose the same sentence he imposed in 1953. [*Id.* at 449 n. 8, 92 S. Ct. at 592.]

Here, Judge Meredith has expressly stated that the six-year sentence is appropriate regardless of the invalidity or absence of prior convictions, and thus even if petitioner's allegations are true, a remand would be pointless.