Robert John **RYAN**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 73–1305.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1973.

Decided Oct. 3, 1973.

Robert John Ryan, pro se.

Robert G. Renner, U. S. Atty., and Francis X. Hermann, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, LAY and ROSS, Circuit Judges.

PER CURIAM.

Robert John Ryan appeals the dismissal of his 28 U.S.C. § 2255 motion. The motion alleged that prior constitutionally invalid sentences were used to enhance his sentence rendered after a conviction for violating the provisions of 18 U.S.C. § 2113(a) and (d). We affirm.

Ryan was found guilty, by a jury, of violating the provisions of 18 U.S.C. § 2113(a) and (d) and sentenced to less than the maximum allowable sentence. Ryan then filed a motion for reduction of the sentence, which was denied. Ryan's conviction was affirmed by this Court. Ryan v. United States, 71–1501 (8th Cir.), cert. denied, 409 U.S. 866, 93 S.Ct. 163, 34 L.Ed.2d 115 (1972). Ryan then brought the present § 2255 motion before the same judge who sentenced him with respect to the § 2113(a) and (d) conviction. When the judge dismissed the motion he said:

> "[E]ven were all prior convictions to be disregarded and eradicated the court would still not put defendant on probation but would meet and impose the same sentence considering the seriousness and character of the crime.
> . . ."

Ryan asserts that various state and federal convictions are invalid and were used to enhance the sentence involved here. Essentially Ryan relies upon the Supreme Court's decision in United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). In *Tucker* the Court ruled that where constitutionally invalid state sentences may have influenced a later federal sentence, the case must be remanded to the trial court for reconsideration of the sentence. In *Tucker* the state convictions had been determined to be invalid by a state court.

■■ We do not believe that remand would be appropriate in this case despite United States v. Tucker, *supra*, for two reasons: First, the sentencing judge has made an express statement that the sentence imposed was appropriate regardless of the alleged invalidity of the prior convictions. Hence we believe that remand would be fruitless. *Compare* James v. United States, 476 F.2d 936 (8th Cir. 1973) and Taylor v. United States, 472 F.2d 1178 (8th Cir. 1973) with Jorgenson v. United States, 477 F. 2d 905 (8th Cir. 1973) and McAnulty v. United States, 469 F.2d 254 (8th Cir. 1972).

Secondly, it appears that the state convictions which Ryan claims are void have not been challenged in state court. As we have stated in a similar case, Young v. United States, 485 F.2d 292 (8th Cir. 1973), a § 2255 motion of this type should not be used to obviate the generally recognized principle of exhaustion of state remedies.[1]

For the reasons hereinbefore expressed, the dismissal is affirmed.

1. The federal conviction for violation of the Dyer Act is challenged also, but in that case the question raised by petitioner relates to whether he intelligently and knowingly waived his right to counsel. The trial court noted that the judgment of conviction in the Dyer Act case provided that Ryan had expressly waived the right to counsel after being fully advised by the court of his rights. Ryan failed to allege any facts in his complaint relating to this conviction and in his brief merely makes the conclusory allegation that he did not intelligently and knowingly waive his right to counsel. In addition, it should be noted, that this Dyer Act conviction was less serious than most of the others and no useful purpose would be served under these circumstances in testing its validity at this time.