Oran YOUNG, Appellant,

v.

UNITED STATES of America, Appellee.

No. 73–1324.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1973.

Decided Oct. 3, 1973.

Rehearing and Rehearing En Banc Denied Oct. 24, 1973.

---

2. Accomplice Conover had testified the tractor was delivered as it was breaking daylight—between 4:30 and 5:00 o'clock.

Before VAN OOSTERHOUT, Senior Circuit Judge, LAY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

This is an appeal from the dismissal of Young's 28 U.S.C. § 2255 motion. Young claims that his sentence in a federal criminal case was improperly enhanced by prior constitutionally invalid state and federal convictions, and thus United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), requires resentencing. We affirm the judgment of dismissal.

Young, after a waiver of indictment, was charged with violating the provisions of 18 U.S.C. § 2113(b) (Count 1); § 2113(a) (Count 2); and § 2113(a) and (d) (Count 3), all arising out of a bank robbery. On January 17, 1969, Young entered a plea of guilty to Count 1 and the other charges were later dismissed. On February 20, 1969, he was sentenced to ten years imprisonment. The sentence was to be served pursuant to the provisions of 18 U.S.C. § 4208(a) which allows the Board of Parole to entertain an application for parole at any time. Young's conviction was affirmed by this Court. United States v. Young, 430 F.2d 1176 (8th Cir.), cert. denied, 401 U.S. 915, 91 S.Ct. 892, 27 L.Ed.2d 815 (1970). Young then brought the instant § 2255 motion and the motion was dismissed by the same judge who sentenced Young. The judge said:

"The files and records show that the Court took steps to avoid any enhancement of the sentence imposed in this case by requiring the Board of Parole to execute a parole violator's warrant on an earlier sentence, in order that the unexpired time which movant would have been required to serve consecutively could be served concurrently with the sentence of this Court. . . .

"The files and records show when the full proceedings are read in context that the only inquiry made con-

Oran Young, pro se.

Bert C. Hurn, U. S. Atty., and Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee.

cerning any past sentence was simply to confirm dates of service. They do not show that such sentences were used to enhance the sentence in question. *Indeed, our memory of movant is vivid and we state affirmatively that this Court did not in any way consider the validity of any past sentence as a factor in imposing the sentence finally imposed in this case."* (Emphasis supplied.)

Young asserts that the judge relied upon the following allegedly invalid convictions:

1. Two 1951 Missouri state convictions for burglary are said to be constitutionally void because sentence was imposed in the absence of Young and his counsel, and, furthermore, the charges were changed after he pleaded guilty.

2. A 1951 Missouri state conviction for assault with intent to kill is said to have been voided by a Missouri state court in 1952.

3. Two 1958 bank burglary convictions obtained in the Federal District Court for the District of Kansas are alleged to be invalid because they rely on the prior invalid state convictions to enhance punishment, and for failure of the trial court to inform Young of the range of penalties prior to his plea of guilty.

In United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the Supreme Court ruled that where prior constitutionally invalid state convictions may have enhanced the punishment allocated by a federal judge in a subsequent criminal case, resentencing was required. In *Tucker* the state convictions had been determined to be invalid prior to the attack on the federal sentence. Although Young claims that *Tucker* requires resentencing in this case, we disagree for a number of reasons.

First, the 1951 state burglary convictions have apparently not been ruled upon in state court.[1] The United States Court of Appeals for the Fourth Circuit has concluded that before a § 2255 motion of this type should be used it must at least appear that the petitioner has exhausted his remedies in state court:

"In short, a 2255 proceeding based on *Tucker,* which is itself a collateral proceeding, should not have as its essential predicate a collateral attack on still another sentence, especially if the sentence was imposed by a state court of another jurisdiction, which has not been invalidated in proceedings originally begun in that latter jurisdiction. A contrary conclusion would mean that a petitioner might use a collateral proceeding in one jurisdiction to make 'a collateral second-level' attack on judgments of convictions rendered in state courts, in which there had been not the slightest attempt at exhaustion of state remedies." Brown v. United States, 483 F.2d 116, 118 (4th Cir. 1973).

We recognize that the United States Court of Appeals for the Fifth Circuit has determined this question differently, *see* Lipscomb v. Clark, 468 F.2d 1321, 1323 (5th Cir. 1972), but we, like the Fourth Circuit, are not disposed to rendering the exhaustion requirement a nullity in cases such as this.

Second, although Young claims that the sentencing judge here relied upon the voided state assault conviction, we do not find that any reference was made to that particular conviction. Since that conviction was voided in 1952 and the only state conviction mentioned by the trial judge related to Young's release from custody in 1957, the reference to the state conviction was more likely to have been to the two burglary convictions which had not been voided. Moreover, Young was asked by the sentencing judge to confirm the accuracy of the

---

1. Young did file an action seeking to vacate these convictions in state court, but he later dismissed the action.

dates of the state conviction mentioned by the judge. Young did so without a claim that the conviction had been voided. This failure should be noted since when the 1958 federal convictions were mentioned Young was quick to claim that those convictions were void for failure to follow Rule 11 of the Federal Rules of Criminal Procedure. Thus we are convinced that the voided state conviction was simply not relied upon by the trial judge to enhance the sentence, and that on resentencing the petitioner's record would not appear in "a dramatically different light." *See* Taylor v. United States, 472 F.2d 1178, 1180 (8th Cir. 1973).

Third, we do not believe that the 1958 federal convictions are void since the transcript submitted by Young clearly establishes that the federal judge in 1958 was fully aware that the 1951 assault conviction had been voided in 1952; as we have said, the other 1951 state convictions have apparently not been attacked in state court; and finally, the United States Court of Appeals for the Tenth Circuit has upheld the 1958 federal convictions in the face of the precise argument Young advances here with respect to the alleged failure to inform Young of the range of penalties before he pleaded guilty. *See* Young v. United States, 433 F.2d 626 (10th Cir. 1970), cert. denied, 401 U.S. 995, 91 S.Ct. 1242, 28 L.Ed.2d 534 (1971).

Fourth, assuming the foregoing were not true, affirmance is nevertheless required. Since the sentencing judge has expressly stated that he did not rely upon the allegedly invalid convictions, remand would be fruitless because it is clear that the same sentence would be imposed even assuming the invalidity of all the prior convictions. *Compare* James v. United States, 476 F.2d 936 (8th Cir. 1973) and Taylor v. United States, supra, *with* Jorgenson v. United States, 477 F.2d 905 (8th Cir. 1973) and McAnulty v. United States, 469 F.2d 254 (8th Cir., 1972).

For the reasons hereinbefore stated, the dismissal is affirmed.