**UNITED STATES of America, Appellee,**

v.

**Russell SAWAYA, Defendant-Appellant.**

**No. 73–1205.**

United States Court of Appeals, First Circuit.

Submitted Aug. 14, 1973.

Decided Oct. 26, 1973.

\* \* \* \* \*

Russell Sawaya, on brief, pro se.

James N. Gabriel, U. S. Atty., and Wayne B. Hollingsworth, Asst. U. S. Atty., on memorandum, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Russell Sawaya appeals from the denial of his pro se petition to vacate sentence filed under 28 U.S.C. § 2255. Sawaya is currently serving a five-year sentence imposed on April 5, 1971, following his plea of guilty to charges of possessing and transferring $150,000 in counterfeit federal reserve notes in violation of 18 U.S.C. §§ 472, 473. Citing United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), he contends that the district court, when imposing sentence, improperly took into account prior convictions which, because uncounselled, were constitutionally invalid.

Sawaya's original § 2255 petition alleged merely that the sentencing court did not have a "certified record" of prior convictions and had considered convictions that were invalid. The United States Magistrate, to whom the petition was referred, inferred from Sawaya's citing of *Tucker* that "he might be relying on the fact that he was without counsel during some of the prior convictions." The Magistrate reviewed the transcript, a copy of which he appended to his report, and concluded that there was nothing therein to indicate that the "judge had considered Sawaya's prior record." [1] The Magistrate recommended dismissal of the claim for that reason and also because "nowhere does it appear that any prior conviction of Sawaya has been set aside for the reason that he lacked counsel."

After the court dismissed the petition, Sawaya moved for reconsideration, asserting that the sentencing judge had had a pre-sentence report before him listing prior convictions and that the invalidity of the prior convictions (which it now appears were state convictions) should be decided by the federal court. The motion for reconsideration was denied, and the present appeal filed.

On appeal, Sawaya for the first time lists the specific data, purportedly in the pre-sentence report, to which he objects.

> There has been since 1954 a series of motor vehicle violations, a drunkenness arrest, drunkenness in connection with a companion complaint, assault and battery, a misdemeanor; another assault and battery which [sic] I believe one was dismissed and one resulted in a fine."

The transcript shows nothing else about Sawaya's prior record; and we have no way of telling whether the sentencing court was influenced by it. Sawaya's own attorney obviously had an opportunity to review it.

---

1. This is a questionable interpretation. Common practice, as well as counsel's remarks, indicate that the judge must have had a copy of the pre-sentence report, including defendant's prior record, before him on the bench. At the sentencing, following the government's brief recommendation of a six-year sentence, defendant's counsel spoke as follows:

"The defendant's prior criminal record, I believe, goes back to 1951 when the defendant was 15 years of age. Your Honor has that in front of him. I will not repeat the record.

I believe the record will reflect that since 1954 the defendant has not been in court charged with any felonies.

This falls into four categories: (1) convictions as to which Sawaya does not claim he was uncounselled; (2) uncounselled traffic violations with no disposition indicated; (3) a series of proceedings, allegedly uncounselled, stemming from neglect or non-support of an illegitimate child, in which he was given probation; and (4) an allegedly uncounselled guilty plea in a 1951 juvenile court proceeding, when Sawaya was 15, resulting in a year of probation for assault and battery with a dangerous weapon.

■■■ We would ordinarily not consider allegations of fact not presented to the district court. But appellant is incarcerated and acting *pro se*; no interest would be served by delay. We accordingly consider the data alleged on appeal as if forming part of the original § 2255 petition.

Turning to the substance of the claim, it is obvious that Sawaya cannot complain to the extent the judge was advised of prior counselled convictions. In *Tucker*, the judge had given explicit consideration to previous felony convictions which had later been overturned as unconstitutional under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The first category of data thus fails to demonstrate possible error. Nor do we see impropriety in the judge's awareness of the motor vehicle cases, whether counselled or uncounselled. Sawaya does not allege that he was imprisoned or that there was any

likelihood of imprisonment or even that the recorded dispositions were adverse. There is no reason to suppose that those cases resulted in invalid convictions. *See* Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

■■ The non-support convictions are open to greater question. Conviction in Massachusetts for non-support carries a permissible two-year sentence. M.G.L. c. 273, §§ 15, 16. Although *Argersinger* precludes imprisonment without appointed counsel or waiver thereof, it is possible to read it as validating uncounselled minor-offense proceedings where the punishment is less than imprisonment. Sweeten v. Sneddon, 463 F.2d 713 (10th Cir. 1972); *but cf.* Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).[2] If so Sawaya's non-support convictions may be valid even if uncounselled unless they are major offenses as a matter of federal constitutional law. Even if *Argersinger* invalidates uncounselled non-support convictions imposing only probation, it may not be relevant to the offenses in question because the Supreme Court has yet to hold *Argersinger* retroactive.[3]

In any event, it would be premature for us to attempt to resolve these difficult constitutional conundrums. Sawaya's contentions may well be capable of disposition on non-constitutional grounds. Ashwander v. T. V. A., 297 U.S. 288, 346–348, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (concurring opinion). The circumstances of the present case, unlike

---

2. Despite the very narrow language chosen by the Court, *Argersinger* could also be read as extending the right to assistance of counsel at trial whenever the loss of liberty is a possibility. Hernandez v. Craven, 350 F.Supp. 929, 937 (C.D.Cal.1972). Troubled by the existence of numerous petty criminal offenses for which an accused rarely faces a realistic possibility of incarceration, one court has chosen a middle ground, interpreting *Argersinger* as requiring counsel whenever mandated by "fundamental fairness." Wood v. Superintendent, 355 F.Supp. 338 (E.D.Va. 1973).

3. The last of the offenses in question was in 1961. The right to counsel in criminal

trials enunciated in *Gideon* has been held to be retroactive, Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41 (1963), as has the right to counsel in juvenile proceedings. Kemplen v. Maryland, 428 F.2d 169 (4th Cir. 1970); Powell v. Hocker, 453 F.2d 652 (9th Cir. 1971). Several courts have held that *Argersinger* will also be applied retroactively. *See, e. g.,* Cordle v. Woody, 350 F.Supp. 479 (E.D.Va.1972); Ramirez v. State, 486 S.W.2d 373 (Tex.Cr.App.1972); People v. Morrissey, 52 Ill.2d 418, 288 N.E.2d 397 (1972). Others, fearful of administrative problems, have not. Potts v. Superintendent, 213 Va. 432, 192 S.E.2d 780 (1972); *cf.* Garrett v. Puckett, 348 F.Supp. 1317 (W.D.Va. 1972).

those of *Tucker*, do not compel us to conclude that Sawaya's prior record had an appreciable influence on the sentencing judge. Moreover, even if the non-support convictions affected the sentence, we do not yet know if Sawaya was without counsel, was entitled to state-provided counsel, or validly waived any right he may have had to the assistance of counsel. The uncounselled convictions in *Tucker* had been declared void in state collateral proceedings before the § 2255 petition was filed. Until these factual issues are resolved, the possible unconstitutionality of the non-support convictions is not ripe for adjudication.

The fourth category of data mentioned by Sawaya relates to a juvenile proceeding in 1951. At that time Sawaya pled guilty to an offense which would have resulted in a criminal felony proceeding but for his age. Due process requires that a child and his parents be informed that he has the right to be represented by counsel and that the state will appoint counsel for the indigent. In re Gault, 387 U.S. 1, 34–42, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). However, *Tucker* does not hold that a sentencing judge may not be aware of prior convictions, even constitutionally infirm ones. It holds only that the court must be aware of the infirmities. Consequently, a determination would have to be made as to whether the sentencing judge actually knew or assumed that Sawaya's juvenile proceeding in 1951 was uncounselled.

While the ultimate merits of Sawaya's claim have yet to be established, it was prematurely dismissed as facially invalid. In comparable cases other circuits have held that the petitioner is entitled to have the district court determine whether his original sentence would still be appropriate were the challenged prior convictions to be treated as void. Lipscomb v. Clark, 468 F.2d 1321, 1323 (5th Cir. 1972); Brown v. United States, 483 F.2d 116 (4th Cir. 1973) 5; *cf.* McAnulty v. United States, 469 F.2d 254, 255 (8th Cir. 1972). Only if the court concludes that the sentence would not be appropriate is the petitioner entitled to a hearing on the validity of the convictions.

Adopting the procedure described in *Lipscomb*, we remand to the district court with directions that it review the records of trial and pre-sentence report and determine if, treating the state convictions (other than traffic violations) alleged to have been uncounselled as void, the sentence given would still be appropriate. If the district court finds the sentence still appropriate, an order so setting forth shall be deemed by us to be sufficient compliance with *Tucker*, and the petition may be dismissed.

If, however, the district court finds that should these prior convictions be disregarded the sentence is no longer appropriate, it should grant Sawaya an evidentiary hearing on his claim that the prior convictions were uncounselled and, if so, unconstitutional. If the district court sustains petitioner's claims, it may then properly resentence.

Under our decision in Halliday v. United States, 380 F.2d 270, 274 (1st Cir. 1967), aff'd 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), the case, on remand, will ordinarily not go to the original sentencing judge. *Cf.* McAnulty v. United States, *supra.* We do not intimate, however, that § 2255 petitions covering this particular issue may never be disposed of with propriety by the original sentencing judge if circumstances require. See final paragraph, *Halliday, supra*, 380 F.2d 274.

Reversed and remanded.