**Gerald D. PETERSON,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 73–1905.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 15, 1974.

Decided March 1, 1974.

Gerald D. Peterson, pro se.

Bert C. Hurn, U. S. Atty., J. Whitfield Moody, and Frederick O. Griffin,

Asst. U. S. Attys., Kansas City, Mo., for appellee.

Before GIBSON, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

On January 10, 1968, Gerald D. Peterson was sentenced to concurrent prison terms of ten years, five years, and one year, respectively.[1] Following this court's affirmance of the narcotics convictions underlying those sentences, Peterson v. United States, 405 F.2d 102 (8th Cir. 1968), cert. denied, 395 U.S. 938, 89 S.Ct. 2003, 23 L.Ed.2d 453 (1969), Peterson filed a motion, in the United States District Court for the Western District of Missouri, to vacate those convictions and sentences pursuant to 28 U.S.C. § 2255. Peterson's motion was based upon the allegation that prior constitutionally tainted state felony convictions[2] were improperly introduced for impeachment purposes when he took the stand at trial, in violation of his Fifth and Sixth Amendment rights. He further contended that his Fourteenth Amendment rights were infringed when a presentence report, containing constitutionally tainted state convictions as well as other allegedly prejudicial matters,[3] was submitted to the sentencing judge, Judge Collinson, and was improperly used to enhance Peterson's sentence.

The District Court, Judge William Collinson, dismissed the § 2255 motion without a hearing, holding that (1) the prior state convictions were not constitutionally defective and (2) the argument that Peterson's sentence was improperly enhanced was without merit, for the District Court would have imposed the same sentence notwithstanding the presentence report. We affirm.

■■■ The state convictions which Peterson describes as constitutionally tainted have been upheld as constitutionally valid in previous actions brought by Peterson in federal court. Peterson v. Missouri, 355 F.Supp. 1371 (W.D. Mo.1973), aff'd Nos. 73–1238, 73–1237, 73–1236 (8th Cir., September 14, 1973).[4] See also Peterson v. United States, 467 F.2d 892 (8th Cir. 1972), cert. denied, 410 U.S. 933, 93 S.Ct. 1383, 35 L.Ed.2d 596 (1973). Successive applications for similar post-conviction relief may properly be denied where they raise issues previously decided against the applicant on the merits and the ends of justice would not be served by reaching the merits again. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Vincent v. United States, 488 F.2d 1109 (8th Cir. 1973).

■■■ A further reason supports our affirmance. We are required to remand for resentencing where prior constitutionally invalid state convictions may have enhanced the punishment allocated by a federal judge in a subsequent criminal case. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592

---

1. The ten-year sentence was for violating, as charged, 26 U.S.C. § 4705(a) and 18 U.S.C. § 2; the five-year sentence for violating, as charged, 18 U.S.C. § 371; the one-year sentence for violating, as charged, 21 U.S.C. § 331(q)(2) and 18 U.S.C. § 2.

2. The three prior state convictions which Peterson challenged as constitutionally tainted are: (1) a 1954 conviction on a plea of guilty to a charge of auto theft in Buchanan County, Missouri; (2) a 1956 conviction, following a verdict of guilty by a jury, on a burglary charge in Buchanan County; and (3) a 1963 conviction on a plea of guilty to a charge of stealing an auto in Nodaway County, Missouri. The details surrounding these convictions are recounted in Peterson

v. Missouri, 355 F.Supp. 1371 (W.D.Mo. 1973), aff'd, Nos. 73–1238, 73–1237, 73–1236 (8th Cir., September 14, 1973).

3. According to Peterson, the presentence report included charges ultimately dismissed and convictions ultimately reversed, in addition to the challenged state felony convictions.

4. In his brief, Peterson erroneously suggests that this court's order of September 14, 1973, issued pursuant to local Rule 9(a), was not an affirmance but simply a dismissal of his appeal for want of jurisdiction. Rule 9(a) of the rules of this court is not confined to dismissals for want of jurisdiction but also provides for, inter alia, summary affirmances.

(1972). But where, as here, the sentencing judge has asserted without qualification that he would have imposed the same sentence regardless of the allegedly invalid convictions or the presentence report, a remand for resentencing is improper. United States v. Simon, 488 F. 2d 1094 (8th Cir. 1973. *See also* Ryan v. United States, 485 F.2d 295 (8th Cir. 1973); Young v. United States, 485 F.2d 292 (8th Cir. 1973); McAnulty v. United States, 469 F.2d 254 (8th Cir. 1972), cert. denied, 411 U.S. 949, 93 S.Ct. 1933, 36 L.Ed.2d 411 (1973).

Affirmed.