UNITED STATES of America ex rel.
James Morris FLETCHER,
Appellant,

v.

Gilbert A. WALTERS, Appellee.

No. 74–2101.

United States Court of Appeals,
Third Circuit.

Argued Sept. 5, 1975.

Decided Nov. 12, 1975.

Lee H. Goldberg, Mark S. Frank, Pittsburgh, Pa., for appellant.

W. Bertram Waychoff, James A. Caldwell, Waynesburg, Pa., for appellee.

Before VAN DUSEN, ADAMS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

Fletcher appeals from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1970).[1] The relator is currently in custody on a sentence of 8½ to 19 years imprisonment imposed on September 17, 1966, following his plea of guilty in the Court of Quarter Sessions, Greene County, Pennsylvania, to three counts of receiving stolen goods[2] and to one count of prison breach.[3] While no direct appeal was taken from the judgment of sentence, Fletcher, without assistance of counsel, did seek relief from the judgment under Pennsylvania's Post Conviction Hearing Act, 19 P.S. §§ 1180–1 to 1180–14 (Supp.1975–1976). The Court of Common Pleas of Greene County denied relief, and the denial was affirmed. *Commonwealth of Pennsylvania ex rel. Fletcher v. Maroney,* 210 Pa.Super. 96, 232 A.2d 206 (1967). The Pennsylvania Supreme Court denied allocatur, whereupon Fletcher filed the instant petition.[4]

In his petition for habeas corpus, Fletcher contended that in imposing sentence the state court judge had improperly considered convictions which, because uncounselled, were constitutionally invalid. *See United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). In 1940 and 1942 the relator had entered pleas of guilty in the Superior Court of Watauga County, North Carolina to charges of breaking and entering, larceny and resisting an officer.[5] While he had never challenged the validity of the North Carolina convictions in the North Carolina courts, he asserted in the instant petition that he had not been represented by counsel in these cases and that he had not intelligently waived his right to counsel.[6] The Commonwealth of Pennsylvania admitted that Fletcher had been without counsel in the North Carolina cases,[7] but denied that these convictions had influenced the sentencing judge. Answer to Rule at ¶ 3(g).

The district court referred Fletcher's petition for habeas corpus to a United States magistrate in accordance with 28 U.S.C. § 636(b)(3) (1970). In her report and recommendations, the magistrate concluded that the petition should be dismissed because of Fletcher's failure to exhaust state remedies by challenging the North Carolina guilty pleas in the North Carolina state courts. On May 30, 1974, the district court entered an order adopting the recommendations of the

---

1. Since 1966, Fletcher has instituted more than 40 proceedings in this court and in the United States District Court for the Western District of Pennsylvania. *See* Appellee's Supplemental App. However, if the Commonwealth's argument for affirmance is grounded on the number of claims brought, the argument must be rejected. While we are, of course, against proliferation of frivolous petitions and appeals, we emphasize that this court is ever available to review the merits of a litigant's claim as long as it is not duplicative of a claim previously adjudicated by this court.

2. No. 22 September Term 1965, Nos. 13 & 14 December Term 1966.

3. No. 66 September Term 1965.

4. The issues that form the basis of Fletcher's petition for habeas corpus were raised in the Pennsylvania state courts. *See* Petition Under Post Conviction Hearing Act at 3 & Exhibit No. 2, Nos. 66 & 22 September Term 1965, Nos. 13 & 14 December Term 1966, Ct. of Common Pleas, Criminal Division, Greene

County, Pa., Oct. 18, 1971; Brief for Appellant at 3, No. 120 April Term 1973, Super.Ct. of Pa.; Petition for Allowance of Appeal, No. 422 Allocatur Docket, Sup.Ct. of Pa. July 18, 1973. Consequently, we find that he has "exhausted the remedies available in the courts of the State" having custody. 28 U.S.C. § 2254(b) (1970); *see United States ex rel. Geisler v. Walters,* 510 F.2d 887, 892 (3d Cir. 1975).

5. No. 59 September Term 1940, Nos. 63 & 64 September Term 1942.

6. Fletcher appended to his petition a letter from the Clerk of the Superior Court of Watauga County, North Carolina which states that there is no reference to an attorney in the records of the North Carolina case. Amended Petition for Habeas Corpus at Exhibit A, Dec. 7, 1973.

7. On appeal, the Commonwealth suggests that Fletcher might have waived his right to counsel. *See* Brief for Appellee at 5.

magistrate and dismissing the petition. We granted a certificate of probable cause on October 25, 1974. For the reasons set forth below, we vacate the district court's order and remand with directions.

## I.

■ It is well settled that a conviction obtained in violation of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), may not be considered by a sentencing judge in imposing punishment in a subsequent criminal case. *United States v. Tucker,* 404 U.S. 443, 449, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Burgett v. Texas,* 389 U.S. 109, 115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *see United States v. Radowitz,* 507 F.2d 109, 112 (3d Cir. 1974). In *Tucker,* the Supreme Court ordered a remand for resentencing because in imposing sentence a federal district court had considered prior state convictions that were invalid under *Gideon.*[8] Resentencing was required, reasoned the Court, because if the district court had been aware of the constitutional infirmity of the prior convictions, Tucker's background would have "appeared in a dramatically different light" and then, faced with a less blemished record, the district court might have imposed a different sentence. 404 U.S. at 447–48, 92 S.Ct. at 592. As the *Tucker* Court stated, " '[t]o permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case.' " *Id.* at 449, 92 S.Ct. at 593, *quoting Burgett v. Texas, supra,* 389 U.S. at 115, 88 S.Ct. 258.[9]

Fletcher contended below, as he does on appeal, that *Tucker* controls the dis-position of his petition. The district court, in adopting the magistrate's report, found *Tucker* distinguishable from the present case because in *Tucker* the unconstitutionality of the prior convictions had been fully determined by a state court. The lower court, in accepting the magistrate's recommendations, held that a petitioner seeking to assail a sentence under *Tucker* by way of a collateral proceeding in federal court must first attempt to have the prior convictions invalidated in the state courts in which the convictions were obtained. *Accord, Young v. United States,* 485 F.2d 292, 294 (8th Cir. 1973), *cert. denied,* 416 U.S. 971, 94 S.Ct. 1995, 40 L.Ed.2d 560 (1974); *Brown v. United States,* 483 F.2d 116, 118 (4th Cir. 1973). Since Fletcher had not challenged the validity of the convictions in North Carolina, reasoned the lower court, he had failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b) (1970).

■ We do not agree that the exhaustion requirement of section 2254(b), or any rule analogous to that requirement, applies to prevent the federal district court from considering the validity of the 1940 and 1942 North Carolina convictions. *Mitchell v. United States,* 482 F.2d 289, 293 (5th Cir. 1973).[10] The exhaustion of state remedies requirement applies only to the district court's consideration of the validity of the sentence from which Fletcher seeks section 2254 relief, namely, the Pennsylvania sentence. Since Fletcher has travelled all available avenues of attack on the Pennsylvania sentence, *see* note 4 *supra,* he has complied with section 2254(b).

The *Tucker* decision itself does not contain a requirement that a habeas corpus petitioner must return to the state of a prior conviction to secure a ruling

---

**8.** The federal district court in California had considered Tucker's three prior felony convictions, two in Florida and one in Louisiana. Several years after sentencing, the Superior Court of Alameda County, California had determined in collateral proceedings that the Louisiana conviction and one of the Florida convictions were invalid under *Gideon.* 404 U.S. at 445, 92 S.Ct. 589.

**9.** *See generally* Note, *Defendant's Right to Protection From Prior Uncounselled Convictions,* 1973 Wash.U.L.Q. 197.

**10.** *See Wilsey v. United States,* 496 F.2d 619 (2d Cir. 1974); *United States v. Sawaya,* 486 F.2d 890 (1st Cir. 1973); *Lipscomb v. Clark,* 468 F.2d 1321 (4th Cir. 1972).

on its validity before he can petition a federal court for relief from a subsequent sentence which was enhanced by the prior conviction. In *Tucker,* only two of the three convictions considered by the federal sentencing judge had been determined invalid by a state court. *See* note 8 *supra.* Yet, the Supreme Court affirmed a remand for resentencing "without consideration of any prior convictions which are invalid under [*Gideon*]" and did not suggest that the validity of the third conviction be determined by a state court before resentencing.[11]

The Supreme Court's decision in *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), also supports our conclusion that Fletcher need not return to North Carolina to attack the validity of the 1940 and 1942 convictions before seeking section 2254 relief from the Pennsylvania sentence. In *Loper,* the defendant had been impeached at a trial in a Texas state court by prior convictions in Mississippi and Tennessee. Thereafter, asserting that the Mississippi and Tennessee convictions were invalid under *Gideon,* he sought habeas corpus relief in a federal court in Texas. Relying on *Tucker* and *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), the Supreme Court reversed the district court's denial of habeas relief, even though no state court had determined the constitutionality of the prior convictions. Nowhere in the opinion did the Court suggest that the defendant be required to return to Mississippi or Tennessee to obtain a ruling on the validity of the convictions before the federal

court could consider the constitutionality of the Texas trial. To the contrary, the Court's disposition of the case suggests that on remand, the federal district court would be under a duty to determine whether the prior state convictions were infirm under *Gideon. See* 405 U.S. at 479 n. 6, 92 S.Ct. 1014; 405 U.S. at 485, 92 S.Ct. 1014 (White, J., concurring).

We recognize that there exists a split among the Circuits on whether a petitioner seeking to challenge a sentence under *Tucker* by way of a collateral proceeding in federal court must first attempt to procure a ruling on the constitutionality of the prior convictions in the state courts in which the convictions were obtained.[12] In our opinion, however, the better view is that such a petitioner not be required to travel such a circuitous route. To demand that Fletcher return to North Carolina to challenge the 1940 and 1942 convictions would be to erect a high barrier to the effective vindication of his constitutional rights. *See Mitchell v. United States,* 482 F.2d 289, 293 (5th Cir. 1973). "Exhaustion of the movant, rather than exhaustion of other collateral attack possibilities, would be the likely result." *Id.* at 294.

## II.

We face two additional issues: 1) whether Fletcher's 1940 and 1942 North Carolina convictions were violative of *Gideon;* and 2) whether the sentencing judge considered these North Carolina convictions in imposing sentence.[13]

---

11. It is worthy of note that Tucker had not challenged the prior convictions in the state courts in which they were obtained, a procedure the district court would insist that Fletcher follow. Instead, a California state court had ruled on the validity of Tucker's Louisiana conviction and one of the Florida convictions in a state collateral proceeding. *See* note 8 *supra.*

12. *Compare Young v. United States,* 485 F.2d 292, 294 (8th Cir. 1973), *cert. denied,* 416 U.S. 971, 94 S.Ct. 1995, 40 L.Ed.2d 560 (1974) (requiring petitioner to return to state court); *and Brown v. United States,* 483 F.2d 116, 118

(4th Cir. 1973); *with Wilsey v. United States,* 496 F.2d 619 (2d Cir. 1974) (federal court can determine prior conviction's validity), *and United States v. Sawaya,* 486 F.2d 890, 893 (1st Cir. 1973), *and Mitchell v. United States,* 482 F.2d 289, 293 (5th Cir. 1973), *and Lipscomb v. Clark,* 468 F.2d 1321, 1323 (4th Cir. 1972). *See also United States v. Lufman,* 457 F.2d 165 (7th Cir. 1972); *United States v. Thoreson,* 428 F.2d 654 (9th Cir. 1970); *United States v. Martinez,* 413 F.2d 61 (7th Cir. 1969).

13. The procedure developed by several Circuits in section 2255 proceedings is to remand to the district court to resolve questions con-

Under *Gideon,* which is retroactive,[14] the 1940 and 1942 North Carolina convictions are valid only if Fletcher was represented by counsel or competently waived his right to counsel. 372 U.S. at 340, 83 S.Ct. 792.[15] The Commonwealth admits that Fletcher was unrepresented by counsel in the North Carolina cases but suggests that appellant might have waived his right to counsel.

█ When a convicted defendant who was indigent at the time of his conviction collaterally attacks the conviction on right-to-counsel grounds and the record shows that he was not represented by counsel or is silent as to representation of counsel, the government has the burden to prove affirmatively that the defendant waived his right to counsel. *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); *Irby v. Missouri,* 502 F.2d 1096 (8th Cir. 1974); *Mitchell v. United States,* 482 F.2d 289 (5th Cir. 1973); *see United States v. Radowitz,* 507 F.2d 109 (3d Cir. 1974). The records in the North Carolina cases are admittedly silent on representation of counsel and waiver. While the Commonwealth has suggested that Fletcher might have waived his right to counsel, it has presented no evidence to support such a conclusion.[16] Under the circumstances, the Commonwealth has failed to carry

its burden on waiver, and thus, we find that the 1940 and 1942 convictions were obtained in violation of the Sixth Amendment. *See Loper v. Beto,* 405 U.S. 473, 479 n. 6, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972); *cf. United States v. Radowitz, supra* at 113.

█ We also conclude that resentencing is necessary. It is certainly true, as the Commonwealth argues, that mere knowledge of invalid convictions by a sentencing judge does not necessitate resentencing.[17] *Tucker* proscribes consideration of invalid sentences, not mere knowledge of those convictions. 404 U.S. at 447, 92 S.Ct. 589. Nevertheless, there are indications in the record that the sentencing judge's appraisal of Fletcher's character was influenced by the 1940 and 1942 North Carolina convictions, and that that appraisal might have affected the judge's sentencing decision.[18] The sentencing judge twice implicitly referred to the 1940 and 1942 North Carolina convictions. First, just prior to sentencing, the judge commented "[T]he court has now before us pleas in several cases, a record of a life that is not a pleasant or a pretty picture." Sentencing Transcript at 11, Sept. 17, 1966. In fact, however, the only pleas Fletcher had ever entered prior to those before the sentencing judge were to the 1940 and 1942 North Carolina charges. Second, within 90 days of sentencing, the

cerning the validity of the convictions and the sentencing judge's consideration of those convictions. *See Wilsey v. United States,* 496 F.2d 619 (2d Cir. 1974); *United States v. Sawaya,* 486 F.2d 890 (1st Cir. 1973); *Mitchell v. United States,* 482 F.2d 289 (5th Cir. 1973); *Lipscomb v. Clark,* 468 F.2d 1321 (4th Cir. 1972). Such a procedure would seem the best course to follow in most cases. However, since it appears that no further evidence could be developed on these issues, we feel a remand to the district court to resolve these issues is unnecessary.

14. *Pickelsimer v. Wainwright* 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41 (1963).

15. *See also Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

16. It would be highly unrealistic of us to find a waiver on a silent record in light of the fact that the convictions occurred at a time when state courts were not required to provide counsel to indigent defendants.

17. The sentencing judge was familiar with Fletcher's previous record, including the 1940 and 1942 North Carolina convictions, as the judge had been the prosecuting attorney in a prior case in which Fletcher had been the defendant.

18. Fletcher was sentenced by the state court judge to the maximum penalty allowed by law on three of the four counts. *See* Appellant's Brief at 3.

**364**

same judge, in his opinion determining Fletcher's petition under the Post Conviction Hearing Act, stated, "The defendant is much experienced in the ways of the law. having started at an early age in North Carolina to learn the lessons of crime." Order of Dec. 16, 1966, Ct. of Quarter Sessions, Criminal Division, Greene County, Pa.

Even though the statements of the sentencing judge do not explicitly reveal his consideration of the invalid sentences, we are of the opinion that the principles of *Tucker* are best effectuated by resolving any doubts we might have on this issue in favor of resentencing.

### III.

Accordingly, we vacate the order of the district court dismissing Fletcher's petition for a writ of habeas corpus and remand to that court to enter an order stating that the writ shall issue unless the relator's sentences in the Greene County Court of Quarter Sessions at Nos. 22 & 66 September Term 1965 and Nos. 13 & 14 December Term 1966 are vacated and he is resentenced, within a reasonable time, without consideration of the 1940 and 1942 North Carolina convictions.

