**Larry E. STEAD, Appellant,**

v.

**Kenneth M. LINK, U. S. Marshal, Appellee.**

**No. 75–1763.**

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1976.

Decided Aug. 12, 1976.

Daniel B. Hayes, Clayton, Mo., for appellant; Kenneth E. Reiter, Clayton, Mo., on brief.

Larry E. Stead, pro se.

Frank A. Bussmann, Asst. U. S. Atty., St. Louis, Mo., for appellee; Donald J. Stohr (former U. S. Atty., effective May 15th, Barry A. Short, U. S. Atty.), and Frank A. Bussmann, Asst. U. S. Atty., St. Louis, Mo., on brief.

Before BRIGHT, ROSS and STEPHENSON, Circuit Judges.

ROSS, Circuit Judge.

Larry Stead seeks to vacate the sentence imposed on him for attempted bank entry (18 U.S.C. § 2113(a)) on the grounds that the sentencing judge considered four unconstitutional state convictions in enhancing the sentence to its 20 year maximum. In presenting these claims below Stead denoted his pro se petition as a "Motion for Declaratory Judgment and Petition for Writ of Habeas Corpus." Judge Wangelin (E.D.Missouri) correctly treated his petition as a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and on the basis of a magistrate's report denied relief for lack of state exhaustion. We affirm in part and reverse in part with instructions.

The gravamen of appellant's claim is his assertion that in imposing the maximum sentence the district court violated the principles of *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). In *Tucker* the Court held that a federal sentence enhanced by a constitutionally invalid state conviction required remand to the trial court for reconsideration.

The four state convictions that Stead alleges were improperly used to enhance his federal sentence occurred as a result of guilty pleas to one count each of burglary and stealing in November 1964, and two similar counts in January 1966. Petitioner now alleges that the guilty pleas entered on these two separate occasions were not knowingly and voluntarily made. The present challenge to these convictions is collateral only inasmuch as Stead had fully served the state sentences when he was found guilty by a jury of the federal charge in 1969. That conviction was later upheld by this court in *United States v. Stead*, 422 F.2d 183 (8th Cir.), *cert. denied*, 397 U.S. 1080, 90 S.Ct. 1534, 25 L.Ed.2d 816 (1970).

A beginning point for consideration of *Tucker*-based appeals in this circuit is the question of exhaustion of state remedies. Since a § 2255 proceeding under *Tucker* is a collateral challenge, petitioner must exhaust his state remedies. *Young v. United States*, 485 F.2d 292, 294 (8th Cir. 1973), *cert. denied*, 416 U.S. 971, 94 S.Ct. 1995, 40 L.Ed.2d 560 (1974); *Ryan v. United States*, 485 F.2d 295, 296 (8th Cir. 1973), *cert. denied*, 415 U.S. 979, 94 S.Ct. 1568, 39 L.Ed.2d 876 (1974). Comity requires that a state court which rendered the conviction be presented with the opportunity to initially determine the constitutional validity of that challenged judgment. *Tyler v. Swen-*

son, 527 F.2d 877, 878 (8th Cir. 1976). However, federal courts will not require pursual of state remedies where such a requirement is an exercise in futility. *Rice v. Wolff*, 513 F.2d 1280, 1290 (8th Cir. 1974), *rev'd on other grounds*, —— U.S. ——, 96 S.Ct. 3037, 49 L.Ed.2d —— (1976).

The procedural history of petitioner Stead's challenges to his federal sentence is exceedingly complicated.[1] Without restating the various steps and missteps that occurred before and during the present appeal, we find that exhaustion has not occurred as to the guilty plea entered in January 1966. Appeal by writ of error coram nobis concerning his later plea has been presented to the Missouri State Court of Appeals. We are informed by counsel that a ruling on this appeal is expected in late fall of 1976. As to that portion of the district court's opinion that denied relief based on lack of state exhaustion for the 1966 plea, we affirm.

As to the guilty pleas entered by Stead in November 1964, we find that Stead has, as a practical matter, exhausted his state court remedies, although the question is not free from doubt. On June 18, 1971, a petition for writ of error coram nobis was dismissed for lack of jurisdiction by the St. Louis County Circuit Court.[2] Stead claims he was not notified of this dismissal until over a year had elapsed, and because of that time lag he lost his right to appeal therefrom. The district court did not make a determination as to whether this allegation was correct or not.

Under these circumstances, and because he has now almost concluded the process of exhausting his state remedies as

---

1. Stead's original complaint in this case was initially referred to Judge Wangelin who transferred it to Judge Meredith (E.D.Missouri), the trial judge who imposed the maximum sentence. Judge Meredith dismissed the complaint based on his certification that he did not take the four state convictions into consideration in passing sentence.

    However, Stead moved to disqualify Judge Meredith because Judge Meredith had previously disqualified himself on another § 2255

action by Stead concerning this same conviction. Judge Meredith then entered an order which vacated his prior dismissal, and disqualified himself. The case was then transferred back to Judge Wangelin.

2. The record does not contain transcripts of the prior coram nobis proceeding, the four prior state pleas or sentences, nor evidence relating to the voluntariness of these pleas because the case was decided on a summary judgment basis.

**926**

to the 1966 plea, we hold that the trial court should, on remand, await the state court disposition of the 1966 plea, and then determine whether any of the four guilty pleas were constitutionally invalid. If the district court or the Missouri state courts find one or more of said pleas invalid then, in view of Judge Meredith's self-disqualification in this case, a district judge other than Judge Meredith shall resentence Stead as provided in *United States v. Tucker, supra.* To require determination of the validity of the 1964 pleas prior to the completion of state exhaustion as to the 1966 pleas would be a useless act since it would possibly bifurcate the resentencing process. The proper procedure is for Stead to be finally sentenced taking into consideration all of the relevant factors including his corrected record, if indeed any corrections are justified.

■ Both challenged pleas occurred prior to *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Therefore the standard to be used by the district court is one of examining the totality of the circumstances to see whether each plea was voluntarily and understandingly given. In *Winford v. Swenson,* 517 F.2d 1114, 1117–18 (8th Cir. 1975) we said:

This pre-*Boykin* test does not require a record affirmatively showing that the trial judge gave the defendant specific procedural warnings before accepting the plea but only that the record contain facts demonstrating the voluntary and intelligent nature of the plea. (Citation omitted.) Indeed, the Supreme Court has made it clear that a counseled guilty plea made by a competent defendant aware of the nature of the charge against him and induced by his desire to limit the possible penalty will not be set aside simply because the defendant later learns of constitutional rights which he did not know at the time the plea was entered.

*See Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson,* 397 U.S. 759, 770–71, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina,* 397 U.S. 790,

797–98, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); *cf. Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

Affirmed in part, reversed in part and remanded for further proceedings consistent with the views expressed in this opinion.

BRIGHT, Circuit Judge (concurring):

I concur in the result reached in this case, but in light of existing case law I am unwilling to agree to the comment of the majority that in a § 2255 proceeding urging a *Tucker*-type challenge to underlying prior convictions, which have influenced a federal prison sentence, the petitioner must have exhausted his state remedies.

In the instant case, the petitioner has exhausted his state remedies with respect to challenges to his 1964 pleas. Furthermore, the validity of his 1966 pleas will soon be resolved in state court and no reason appears why the federal district court ought not to wait and rely on the record made in the state proceedings. *Cf. Garrett v. Swenson,* 459 F.2d 464 (8th Cir. 1972).

However, while this particular petitioner will have exhausted his state remedies for challenged prior convictions, other § 2255 petitions in this circuit present the likelihood of multiple hearings in federal and state courts when a prisoner claims that his federal sentence has been enhanced by the sentencing judge's consideration of one or more uncounseled (and therefore invalid) prior state convictions. In denying the petition in the first instance because the prisoner has failed to exhaust state remedies, the federal court action puts the prisoner on a treadmill of seeking a state court hearing on the validity of state convictions, the sentences for which may have already been served. Even if the prisoner obtains a state adjudication of invalidity, his efforts may have been in vain, for the federal court remains free to deny relief on the basis that the sentence would have been the same without consideration of the invalid state convictions. *See Peterson v. United States,* 493 F.2d 478 (8th Cir. 1974); *McAnulty v. United States,* 469 F.2d 254 (8th Cir. 1972),

*cert. denied,* 411 U.S. 949, 93 S.Ct. 1933, 36 L.Ed.2d 41 (1973).

Most circuits do not require exhaustion of state remedies for the prior convictions. *See Lipscomb v. Clark,* 468 F.2d 1321 (5th Cir. 1972); *United States v. Sawaya,* 486 F.2d 890 (1st Cir. 1973); *Crovedi v. United States,* 517 F.2d 541 (7th Cir. 1975); *United States v. Walters,* 526 F.2d 359 (3d Cir. 1975) (§ 2254 case).

Judge Thornberry of the Fifth Circuit has succinctly explained why an exhaustion requirement should not be applied to the prior state convictions under attack:

> A requirement of exhaustion of collateral attack remedies in the state and federal courts where prior convictions were obtained would erect an insuperable barrier to effective implementation of the *Tucker* rule. * * * The instant case is illustrative. In order to press his collateral attack under § 2255, the indigent, incarcerated appellant would be required first to undertake three other collateral attacks on prior convictions in other forums. The number of proceedings, the problems surrounding appointment of counsel for each of them, and the expenses involved would be multiplied many times. A ruling on the § 2255 motion would be long delayed. The chances that appellant would ultimately succeed in the § 2255 proceeding, even if his claim is meritorious, would as a practical matter be greatly diminished. Exhaustion of the movant, rather than exhaustion of other collateral attack possibilities, would be the likely result. We do not believe *Tucker* contemplated or is consistent with the creation of this type of procedural obstacle course. [*Mitchell v. United States,* 482 F.2d 289, 293–94 (5th Cir. 1973).]

As the majority opinion notes, we have adopted a contrary rule in similar § 2255 cases. *Young v. United States,* 485 F.2d 292, 294 (8th Cir. 1973), *cert. denied,* 416 U.S. 971, 94 S.Ct. 1995, 40 L.Ed.2d 560 (1974); *Ryan v. United States,* 485 F.2d 295, 296 (8th Cir. 1973), *cert. denied,* 415 U.S. 979, 94 S.Ct. 1568, 39 L.Ed.2d 876 (1974).

(In both cases the exhaustion requirement was an alternative ground for the court's holding). *Young* cited the exhaustion requirement enunciated by the Fourth Circuit in *Brown v. United States,* 483 F.2d 116 (4th Cir. 1973); however, the precedential value of this case is somewhat doubtful in light of Judge Craven's dissent in *Brown* and the absence of any discussion of an exhaustion requirement in a subsequent Fourth Circuit § 2255 case, heard *en banc, Stepheney v. United States,* 516 F.2d 7 (4th Cir. 1975).

I do not believe that we should add to the confusion in the law by reiterating an exhaustion doctrine, which now seems discredited.