## UNITED STATES v. HARDEN.

### Cr. No. 12932.

United States District Court
W. D. Pennsylvania.
July 28, 1949.

Elliott W. Finkel, Asst. U. S. Atty., Pittsburgh, Pa., for United States.

Wayne S. Luce, Freedom, Pa., for defendant.

GOURLEY, District Judge.

Petition has been filed by Raymond E. Harden in which request has been made to the Court that consideration should be given the reduction of the sentence imposed on June 2, 1949.

Under the provisions of the Federal Rules of Criminal Procedure it is discretionary with the Court whether a sentence once imposed should be reduced, and a period of sixty days exists for the Court to take such action. Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

The defendant entered a plea of guilty to a three count indictment, in which he was charged, inter alia, as follows:

(a) Knowingly and wilfully falsifying, concealing, covering up by trick or scheme, a material fact and with fraudulent intent, by using the name of a certain alien, Julio Alonzo Brito, as the sender of a telegram from St. Catherines', Ontario, Canada, to Pittsburgh, Pennsylvania, to establish the alien had departed from the United States as directed by the immigration authorities, when in truth and in fact, said alien had remained in the United States. 18 U.S.C.A. § 1001.

(b) The second count is the same with the exception that the defendant sent a letter rather than a telegram. 18 U.S.C.A. § 1001.

(c) That the defendant testified under oath before a representative of the Immigration and Naturalization Service relative to said alien, that the alien had departed from the United States as directed, and the alien had sent the telegram and letter,

when the defendant had done these things so the alien could remain in the United States. 18 U.S.C.A. § 1621.

The defendant contends he is a first offender and the punishment imposed is too severe; that his wife and daughter suffer a great hardship by his imprisonment, and they are not able to provide for their general welfare and subsistence; and that due to his child being two years of age, the wife cannot secure employment.

The circumstances in this case show a flagrant violation of the Naturalization laws by the defendant, and in addition thereto a carefully designed plan and scheme to keep in the United States an alien who unlawfully and illegally claimed the right to reside in this country.

Residence in this country and eventually citizenship are the most precious gifts this country can make available for any human being. There are millions of people throughout the world who would make any sacrifice, personal or financial, to have the right and privilege to live in this great land.

If the defendant had been successful in the fraud which he endeavored to perpetrate upon the government, the alien could have lost himself in the United States. He would have been able to secure for himself the privilege of living in this great democracy without any corresponding obligation and duty which every person in this country has to preserve our form of government. He would have been able to reap all benefits and give nothing in return, and that cannot and will not be allowed, if possible to avoid.

If the defendant were not punished, hundreds and thousands of other people would get the same idea, which the defendant tried unsuccessfully, to perpetrate on this government. This condition must never arise.

The maximum sentence which could have been imposed on each of the first two counts of the indictment carried a fine of $10,000 or imprisonment not more than five years, or both; and for the third count a fine of $2,000 or imprisonment not more than five years, or both.

The Court took into consideration the fact that the defendant was a first offender, his previous good reputation and reliability; that the alien was a brother-in-law of the defendant; and that a severe hardship and sacrifice would arise to his wife and two-year old child when sentence was imposed.

I can find no reason to consider favorably the reduction of the sentence imposed. To do so would be unsound and unreasonable.

The motion to reduce the sentence imposed is refused.