**UNITED STATES of America,
Plaintiff,**

v.

**Harry STROMBERG and Henry Teitelbaum, Defendants.**

United States District Court
S. D. New York.
Dec. 23, 1959.

S. Hazard Gillespie, Jr., New York City, for plaintiff; Herbert F. Roth, Asst. U. S. Atty., Astoria, N. Y., of counsel.

Moses Polakoff, New York City, for defendant Stromberg.

IRVING R. KAUFMAN, District Judge.

On March 18, 1958 movants Stromberg and Teitelbaum were found guilty, with others, of having conspired to violate 18 U.S.C. § 212 and 21 U.S.C. §§ 173 and 174. Sentences were imposed on April 23, 1958. On June 15, 1959 the Court of Appeals for the Second Circuit unanimously affirmed movants' sentences, United States v. Stromberg, 1959, 268 F.2d 256, and the Supreme Court of the United States denied certiorari on October 22, 1959. 361 U.S. 863, 80 S.Ct. 123.

Defendants Stromberg and Teitelbaum have now moved, pursuant to Rules 33 and 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for an order granting them a new trial or reducing their sentences.

In support of these motions the defendants submitted a report of one Lloyd B. Furr, who conducted a polygraph (lie detector) test on defendant Stromberg on October 7, 1959. As part of his report Mr. Furr submitted his conclusions, the last of which was:

"He [Stromberg] was not involved in any type or kind of a conspiracy with persons named in the indictment."

It is this report that the defendants rely upon as the "newly discovered evidence" necessary in order to render their Rule 33 motion timely.

The criteria which must be met in order for a new trial to be ordered on the basis of newly discovered evidence are well settled. In United States v. On Lee, 2 Cir., 1953, 201 F.2d 722, 723–724, certiorari denied, 345 U.S. 936, 73 S.Ct. 798, 97 L.Ed. 1364, it was said:

"A motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial judge. In deciding it he may utilize the knowledge he gained from presiding at the trial as well as the showing made on the motion. On an appeal from denial of the motion decision must turn on whether there has been an abuse of discretion in denying it. And the order will not be reversed unless the new material tends to 'furnish evidence of defendant's innocence', and is such as would probably produce an acquittal." (Citations omitted.)

It is the general rule that before a motion of this type may be granted, five criteria must be met: (1) the evidence must in fact be newly discovered, i. e., discovered since the trial; (2) facts must be alleged from which the Court may infer diligence on the part of the movant; (3) the evidence relied upon must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) it must be such, and of such nature, as that on a new trial the newly discovered evidence would probably produce an acquittal. United States v. On Lee, supra, 201 F.2d at page 723, note 3; United States v. Hiss, D.C.S.D.N.Y.1952, 107 F.Supp. 128, 136.

Certainly, the second criterion noted above has not been met. No diligence has been shown.

Furthermore, the polygraph test report could not possibly produce a dif-

ferent result at a new trial, for clearly it would not be admissible. In no case has such evidence been admitted at a trial in a Federal court, and the state courts have adhered to the same position almost without exception. See Marks v. United States, 10 Cir., 1958, 260 F.2d 377, certiorari denied, 1959, 358 U.S. 929, 79 S.Ct. 315, 3 L.Ed.2d 302; Frye v. United States, 1923, 54 App.D.C. 46, 293 F. 1013; see generally 3 Wigmore, Evidence § 999.

But my decision is not based merely on precedent, strong though it is. The most important function served by a jury is in bringing its accumulated experience to bear upon witnesses testifying before it, in order to distinguish truth from falsity. Such a process is of enormous complexity, and involves an almost infinite number of variable factors. It is the basic premise of the jury system that twelve men and women can harmonize those variables and decide, with the aid of examination and cross-examination, the truthfulness of a witness. But a machine cannot be examined or cross-examined; its "testimony", as interpreted by an expert is, in that sense, the most glaring and blatant hearsay. Though the defendants cite in their brief certain articles which they contend establish the scientific accuracy of the polygraph tests, I am not prepared to rule that the jury system is as yet outmoded. I still prefer the collective judgment of twelve men and women who have sat through many weeks of a trial and heard all the evidence on the guilt or innocence of a defendant.

As for the motion to reduce sentences, made pursuant to Rule 35, no facts were presented either by affidavit or on oral argument which were not before the Court at the time sentences were imposed.

Upon consideration of the evidence presented at the trial, the affidavits and oral arguments on these motions, I rule that the motions must be denied.

So ordered.