Edgar Allen **JORGENSON, Jr.,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 72–1739.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1973.

Decided April 19, 1973.

---

Edgar Allen Jorgenson, Jr., pro se.

W. H. Dillahunty, U. S. Atty., and Richard M. Pence, Jr., Asst. U. S. Atty., Little Rock, Ark., filed brief, for appellee.

Before LAY and STEPHENSON, Circuit Judges, and TALBOT SMITH, District Judge.*

PER CURIAM.

Petitioner appeals from the district court's denial of his petition brought under Title 28 U.S.C. § 2255 to set aside his sentence and for resentencing.

On August 31, 1971 appellant, represented by counsel, appeared before Judge Eisele and was sentenced to 3 years imprisonment upon his plea of guilty to violation of the Dyer Act, Title 18 U.S.C. § 2312. No direct appeal was taken from this sentence. Thereafter, petitioner filed a motion for reduction of sentence which was denied by Judge Eisele. Subsequently he filed a pro se petition for modification of sentence under Title 28 U.S.C. § 2255. After filing two amendments thereto, he employed counsel who filed an amended and substituted motion pursuant to Title 28 U. S.C. § 2255 for vacation of judgment and that his sentence be appropriately modified. It is from the district court's denial of this petition that this appeal is brought.

After reviewing the district court record, appellant's briefs and the Government's brief, we are satisfied that the appeal is without merit. In summary, appellant claims that the trial court erroneously considered several prior convictions and other erroneous information in imposing the 3 year sentence. The latter included information to the effect that petitioner was a parole violator and that a fugitive warrant had been issued for his arrest when in fact a certificate of discharge had been issued and the fugitive charge dismissed. Appellant urges that his sentence was imposed on the basis of assumptions regarding his record which were materially untrue and therefore this court should vacate his sentence and remand for reconsideration. Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

The sentencing Judge has already indicated that assuming all of appellant's allegations to be true, he would not modify the 3 year sentence imposed. In denying appellant's petition Judge Eisele stated:

Petitioner alleges that the Court erroneously considered several prior convictions in imposing sentence. After reviewing the petition the Court is convinced that it would not modify the three-year sentence upon a showing that all of the allegations contained therein are true. Therefore, an evidentiary hearing is unnecessary and will not be scheduled.

We find no basis for interfering with the action of the trial court.

* Eastern District of Michigan, sitting by designation.

Appellant further contends that he sustained a back injury while incarcerated which has caused an added condition of confinement not contemplated by the district judge in determining the severity of the sentence imposed. As indicated by the trial court this is not a proper basis for modifying the original sentence. Proper medical treatment must be, and can be, provided within the federal institution where petitioner is now confined, the United States Medical Center for Federal Prisoners at Springfield, Missouri. If the petitioner takes a contrary view, he may, of course, attempt to challenge the constitutionality of the conditions of his confinement under Title 42 U.S.C. § 1983, but not in the district court where this action was brought.

Affirmed.