**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gwendolyn JONES, Defendant-Appellant.**

**No. 73-1521.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 9, 1973.

Decided Jan. 3, 1974.

Thomas E. Jackson, Detroit, Mich., for defendant-appellant; Martin I. Reisig (Court Appointed), Detroit, Mich., on brief.

Dennis M. Furman, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee; Ralph B. Guy, Jr., U. S. Atty., Richard L. Delonis, Asst. U. S. Atty., Detroit, Mich., on brief.

Before PECK and McCREE, Circuit Judges, and ALLEN,* District Judge.

* The Honorable Charles M. Allen, Judge, U. S. District Court for the Western District of Kentucky, sitting by designation.

**208**

PER CURIAM.

Appellant's brief sets forth the following statement of issues for our consideration: (1) whether Rule 32(c)(2) of the Federal Rules of Criminal Procedure which allows discretionary disclosure of the presentence report is to be interpreted in favor of disclosure, and (2) whether failure to disclose the presentence report violates the constitutional due process requirements of right to effective counsel and right to confrontation.

Appellant was indicted for possession of stolen mail and for illegal possession of a key used by the United States Postal Service for a receptacle for deposit of mail in violation of 18 U.S.C. § 1708 and 18 U.S.C. § 1704, respectively. After her plea of guilty to one count of possession of stolen mail was duly accepted, a four year custodial sentence was imposed. The maximum penalty authorized is five years imprisonment and a $2,000 fine.

Thereafter, appellant filed a motion under Rule 35, Federal Rules of Criminal Procedure for reduction of sentence and for disclosure of the presentence report. The motion for disclosure was denied but the sentence was reduced to two and one-half years. This appeal was then noticed.

Since Rule 32(c)(2) applies only to disclosure of a presentence report at the sentencing of a defendant, we determine that the issues appellant seeks to present are not before us in this appeal.

It is well-settled that motions for reduction of sentence under Rule 35, Fed.R.Crim.P. are addressed to the sound discretion of the district court and there is no requirement of a hearing, United States v. Sanders, 438 F.2d 344 (5th Cir. 1971); United States v. Krueger, 454 F.2d 1154 (9th Cir. 1972).

Inasmuch as Rule 35 does not require a court to hear argument or to hold a hearing, it follows that appellant's second issue about due process requirements of right to effective counsel and right to confrontation is not presented.

In our determination that the issues presented by appellant do not require resolution here, we expressly decline to determine whether Rule 32(c)(2) requires disclosure of the presentence report upon request at the time of sentencing.