**William Carl POST, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 73–1887.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1974.

Decided July 12, 1974.

Asa A. Christensen, Lincoln, Neb., for appellant.

Daniel E. Wherry, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before BRIGHT, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

William Carl Post, apparently an inveterate bank robber, appeals his conviction for the May 10, 1972, robbery of the Cornhusker Bank of Lincoln, Nebraska, and the imposition of a 15-year sentence to be served consecutively to other existing federal prison terms.

Appellant contends: (1) that the trial court unreasonably delayed sentencing him on the robbery charge following the guilty plea; (2) that the trial court relied on inaccurate information in the pre-sentence report; and (3) that the trial court imposed an excessive sentence upon him because it was made consecutive in nature. We affirm the conviction.

The resolution of these matters requires the recitation of some factual background. Within a five-month period in 1972, appellant committed a number of robberies in Michigan and Kentucky in addition to the Lincoln, Nebraska, caper. He was apprehended, tried for one of the robberies before a jury in federal court in Michigan, and convicted of armed robbery and possession of a sawed-off shotgun. He received a 25-year sentence for the robbery, and a concurrent ten-year sentence for possession of the illegal firearm. In federal court in Louisville, Kentucky, he pled guilty to two other counts of armed robbery, and the sentencing judge imposed 25-year concurrent sentences on each count to run concurrently with the previously-imposed sentences in Michigan. On Post's return to Nebraska to face the bank robbery charges in the instant case, he pled guilty on August 14, 1973. That night, while being held in the County-City jail in Lincoln pending completion of the pre-sentence report, Post was involved in an attempted escape. This resulted in additional federal criminal charges for conspiracy and attempted escape. Post stood trial before a jury, which on November 21, 1973, found him guilty. Sentencing immediately followed on both the escape charge and the bank robbery charge. Chief Judge Warren K. Urbom of the District of Nebraska sentenced Post to five years on the escape charge, consecutive to the sentences imposed for the Michigan and Kentucky offenses, and 15 years additional and consecutive for the armed robbery.[1] Thus under all the charges described, Post faces a maximum of 45 years possible imprisonment.

■ Turning now to the issues on appeal, we think that Post's contentions carry no merit. The delay between the guilty plea and sentence came about because of the intervention of the attempted escape and consequent prosecution for this incident. This postponement was not unusual, nor was Post prejudiced by the delay since the trial judge stated that the separate robbery in Nebraska called for a separate and additional prison sentence. *See* Brooks v. United States, 423 F.2d 1149 (8th Cir. 1970).

■ Post claims the delay prejudiced him because he lost two months time on the Michigan sentence while incarcerated in the Lincoln, Nebraska, jail. This record does not show whether or not Post will be administratively credited on his Michigan sentence for time spent awaiting trial and sentence on the Nebraska sentence. Nevertheless, the statute, 18 U.S.C. § 3568, makes clear that the Nebraska pre-sentence incarceration would not be dead time but must be credited in any event against the sentences imposed by Judge Urbom.[2]

1. Imposed under 18 U.S.C. § 4208(a)(2), with parole eligibility at such time as the Board of Parole may determine.

2. Section 3568 reads in part:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The

 Post contends that the trial judge, in sentencing him, considered certain inaccurate information relating to earlier offenses contained in the pre-sentence report. This contention is not borne out by the record. Judge Urbom gave Post an opportunity to comment on the material in the pre-sentence report, a copy of which had been furnished to him through his attorney. Post did in fact call the court's attention to an erroneous statement in the account of a robbery in California committed in 1964, which indicated that Post "was armed with a pistol."

The record reveals that Judge Urbom received Post's claims without comment on them, but queried Post specifically on his commission of the instant offense and the other bank robberies within a five-month period. The court said:

> THE COURT: Mr. Post, I conclude that I must sentence you to a sentence which will run consecutively. My concern, I must simply and frankly tell you is that I see nothing except a five month spread of time which in any sense would connect this robbery with any other crime that you committed. And when a person decides to commit one crime, and another, and another, and so forth I have some hesitancy in permitting one sentence to do for all of them; and you need to feel some punishment for having robbed the bank here it seems to me. And if I simply imposed a new sentence which would run concurrently it seems to me that no punishment would really be visited upon you for this robbery, and I would be derelict in my duty if I permitted that to happen.

On this record, we must reject Post's contention that the court relied on inaccurate data in assessing a total sentence of 20 years.

 The sentencing record also requires us to reject Post's further contention that the trial court's sentence on the Nebraska armed robbery is excessive. In imposing the sentence, Judge Urbom did not abuse his discretion; rather he stated appropriate reasons for his action.

Affirmed.

Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.