UNITED STATES of America,
Plaintiff,

v.

Lloyd Theodore HAMILTON,
Defendant.

Crim. A. No. 23181–2–D–3.

United States District Court,
W. D. Missouri, W. D.

March 25, 1975.

Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Lloyd Theodore Hamilton, pro se.

ORDER DENYING DEFENDANT'S "MOTION TO RECONSIDER 'MOTION FOR AMENDED SENTENCE' UNDER RULE 35" WITHOUT PREJUDICE TO THE FILING OF A MOTION UNDER SECTION 2255, TITLE 28, UNITED STATES CODE

WILLIAM H. BECKER, Chief Judge.

On December 15, 1970, a jury found the defendant guilty of conspiring to perpetrate and wilfully and unlawfully aiding and abetting the armed robbery of a federally insured bank, all in violation of Sections 2, 371 and 2113, Title 18, United States Code. Defendant was sentenced on those convictions on January 4, 1971, by the late Honorable Richard M. Duncan, Senior United States District Judge, to concurrent terms of five and twenty years imprisonment. Defendant appealed from the judgments of conviction and imposition of sentence to the United States Court of Appeals for the Eighth Circuit, which affirmed the defendant's conviction on December 20, 1971, in United States v. Hamilton, 452 F.2d 472 (8th Cir. 1971).[1]

On July 8, 1974, the defendant filed a *pro se* document entitled "Motion for Amended Sentence," therein contending that the sentencing Judge erroneously relied on an alleged incorrect portion of the presentence report concerning defendant's ownership of two expensive automobiles. In that motion the defendant requested that his sentence be modified to an "indeterminate sentence" under the provisions of Section

1. The contentions presented in the defendant's present "Motion to Reconsider 'Motion for Amended Sentence' Under Rule 35" were not raised by the defendant on his direct appeal to the United States Court of Appeals for the Eighth Circuit. *See,* United States v. Hamilton, 452 F.2d 472 (8th Cir. 1971).

4208(a)(2), Title 18, United States Code. The *pro se* motion was assigned to the late Judge Duncan and was treated by Judge Duncan as a *pro se* motion for reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure. On July 8, 1974, Judge Duncan entered an order denying the defendant's *pro se* motion under Rule 35.

On July 31, 1974, defendant filed another *pro se* document entitled "Motion to Reconsider 'Motion for Amended Sentence' Under Rule 35." Judge Duncan died on August 1, 1974. Thereafter, the defendant's *pro se* motion to reconsider his previously filed motion under Rule 35 was referred to the undersigned District Judge for further proceedings.

After referral of the defendant's *pro se* motion to reconsider, the undersigned discovered that a portion of the pleading file with respect to the defendant's post-conviction motions had been misplaced. After a diligent search by the Clerk of this Court, it was determined that the misplaced portion of the file could not be located. The file was then reconstructed from photocopies and carbon copies of the misplaced pleadings held by counsel for the Government. Because of this misplacement of a portion of the pleading file, the processing of the motion under consideration was delayed.

In his "Motion to Reconsider 'Motion for Amended Sentence' Under Rule 35," defendant requests that ". . . the 20-year sentence he is presently serving for convictions of Title 18 U.S.C. §§ 2, 371, and 2113(a)(b), be changed so that it is indeterminate under the provisions of Title 18, U.S.C. § 4208(a)(2), instead of a straight sentence." Based on documents subsequently filed by the defendant in this case, it appears that the defendant claims that the sentencing Judge erroneously relied on certain allegedly incorrect information in the presentence report indicating the defendant's alleged outright ownership of two expensive automobiles.

On August 28, 1974, an order was entered by the undersigned directing the Government to respond to defendant's motion to reconsider. Following the filing of various motions for extensions of time and the granting thereof, counsel for the Government filed herein on January 24, 1975, a response to this Court's order dated August 28, 1974. In his response, counsel for the Government states, in part, as follows:

"Judge Duncan did in fact refer to portions of the presentence report in which it appeared that defendant owned such automobiles free and clear (Tr. 6). The court's reference to those allegations was in response to defense counsel's plea that sentence be imposed under Title II of the Narcotic Addict Rehabilitation Act. The court's purpose in pointing out that defendant owned two expensive cars free and clear was to point out that those facts belied counsel's belief that defendant was a narcotic addict who was less than fully responsible for his conduct. The court felt that one who had acquired so much expensive hard goods *and* was a bank robber did not need medical treatment. The record makes clear, however, that the court regarded the bank robbery itself as sufficient to justify the twenty year sentence."

As part of his response, counsel for the Government attached a copy of the transcript of the sentencing proceedings on January 4, 1971.

On February 5, 1975, defendant filed herein his *pro se* suggestions in opposition to the Government's response, therein stating, in part, that "[t]he fact that the court did mention that the defendant owned two expensive cars free and clear taken from the presentence report unabled (sic) the defendant to fall under the guide lines of maybe receiving a sentence that falls under Title II of the Narcotic Addict Rehabilitation Act." Defendant further states that the information in the presentence report regarding defendant's alleged outright ownership of the two expensive automobiles is "erroneous."

The defendant's "Motion to Reconsider 'Motion for Amended Sentence' Under

Rule 35" will be considered as (1) a motion under Rule 35 to correct a legal sentence allegedly imposed in an illegal manner; (2) a motion under Rule 35 to correct an illegal sentence; (3) a motion under Rule 35 to reduce a legal sentence; or (4) a motion to vacate, set aside or correct a sentence under Section 2255, Title 28, United States Code.

The time limits for filing a motion to correct a legal sentence allegedly imposed in an illegal manner or a motion for reduction of a legal sentence under Rule 35 are as follows:

"The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed . . . . ."

Conversely, a motion to correct an illegal sentence under Rule 35 or a motion to vacate, set aside or correct a sentence under Section 2255, Title 28, United States Code, may be made at "any time." Rule 35, Federal Rules of Criminal Procedure; 28 U.S.C. § 2255;. Hill v. United States, 368 U.S. 424, 430, 82 S. Ct. 468, 7 L.Ed.2d 417, 422 (1962).

 Treated as either a motion to correct a sentence allegedly imposed in an illegal manner [2] or as a motion to reduce a legal sentence under Rule 35,[3] defendant's "Motion to Reconsider 'Motion for Amended Sentence' Under Rule 35" is untimely. The defendant was sentenced on January 4, 1971, and the motion under consideration herein was filed on July 31, 1974. Even if the "Motion to Reconsider 'Motion for Amended Sentence' Under Rule 35" is treated as relating back to the defendant's original "Motion for Amended Sentence" under Rule 35, it would nevertheless be untimely because the "Motion for Amended Sentence" was filed and denied on July 8, 1974, which is more than 120 days from the date of the sentence.

██ ██ This Court is without jurisdiction to consider an untimely motion under Rule 35. United States v. Regan, 503 F.2d 234, 237 (8th Cir. 1974); United States v. Mehrtens, 494 F.2d 1172 (5th Cir. 1974); Peterson v. United States, 432 F.2d 545 (8th Cir. 1970); United States v. Granville, 456 F.2d 1073 (5th Cir. 1972); United States v. Gorman, 431 F.2d 632 (5th Cir. 1970). In addition, the time limits within which a motion may be filed under Rule 35 cannot be enlarged or extended for any reason. Rule 45(b), Federal Rules of Criminal Procedure;[4] United States v.

---

2. Even if the defendant's "Motion to Reconsider 'Motion for Amended Sentence' Under Rule 35" had been timely filed, this Court would deny the same if treated as a timely motion to reduce a sentence under Rule 35. A motion to reduce a legal sentence under Rule 35 is addressed solely to the sound discretion of the sentencing court. Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); United States v. Jones, 490 F.2d 207, 208 (6th Cir. 1974); Jacobsen v. United States, 260 F.2d 122 (8th Cir. 1958). A careful review of the record and the defendant's contentions does not disclose any new information, material facts or unanticipated matter that would warrant reduction of the defendant's sentence on a timely motion under Rule 35. United States v. Stromberg, 179 F.Supp. 278, 280 (S.D.N.Y.1959); United States v. Harden, 9 F.R.D. 258, 259 (W. D.Pa.1949); United States v. Brody, Criminal Action No. 23893–3 (W.D.Mo. January 16, 1975) and cases cited therein.

3. Even if the defendant's "Motion to Reconsider 'Motion for Amended Sentence' Under Rule 35" had been timely filed, this Court would deny the same if treated as a timely motion to correct a legal sentence allegedly imposed in an illegal manner. See discussion in the body of this opinion and conclusion that the sentence in this case is not otherwise subject to collateral attack.

4. Rule 45(b) of the Federal Rules of Criminal Procedure pertinently provides as follows:

"*Enlargement.* When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time, in its discretion (1) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion permit the act to be done after the expiration of the

Robinson, 361 U.S. 220, 224–225, 80 S. Ct. 282, 4 L.Ed.2d 259, 262–263 (1960); *accord,* Peterson ·v. United States, 432 F.2d 545, 546 (8th Cir. 1970).

For these reasons, the defendant's "Motion to Reconsider 'Motion for Amended Sentence' Under Rule 35," treated as either a motion to correct a sentence imposed in an illegal manner or as a motion to reduce sentence under Rule 35, must be denied.

■■ Treated as either a motion to correct an illegal sentence under Rule 35 or as a motion to vacate, set aside or correct a sentence under Section 2255, Title 28, United States Code, the defendant's "Motion to Reconsider 'Motion for Amended Sentence' Under Rule 35" is timely but without merit. In the context of Rule 35, the record does not disclose nor does the defendant contend that the sentence in this case is illegal. Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417, 422 (1962). With respect to Section 2255, Title 28, United States Code, it is apparent that the sentence is not in excess of the maximum authorized by law. The defendant was sentenced to a concurrent term of five years imprisonment for having violated Section 371, Title 18, United States Code. That Section provides that a violator thereof ". . . shall be fined not more than $10,000 or imprisoned not more than five years, or both." The defendant was also sentenced to a concurrent term of twenty years imprisonment for having violated Sections 2113(a) and 2113(d), Title 18, United States Code. Those sections respectively provide that a violator thereof shall ". . . be fined not more than $5,000 or imprisoned not more than twenty years, or both," or ". . . fined not more than $10,000 or imprisoned not more than twenty-five years, or both." The twenty-year sentence imposed upon

the defendant was clearly within the statutory limits.

■ Further, the sentence in this case is not otherwise subject to collateral attack under Section 2255, Title 28, United States Code, for all of the following reasons.

It is uniformly held that the district courts of the United States are vested with very broad discretion with respect to the imposition of sentences and that any sentence imposed, if within statutory limits, is generally not subject to review in the absence of exceptional circumstances not present in the case at bar. United States v. Tucker, 404 U.S. 443, 446–447, 92 S.Ct. 589, 591, 30 L. Ed.2d 592, 596 (1972); Gore v. United States, 357 U.S. 386, 393, 78 S.Ct. 1280, 2 L.Ed.2d 1405, 1410 (1958); Blockburger v. United States, 284 U.S. 299, 305, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *cf.* Yates v. United States, 356 U.S. 363, 78 S.Ct. 766, 2 L.Ed.2d 837 (1958). Exceptional circumstances possibly requiring postconviction review of a sentence may exist upon a sufficient showing that the sentencing Judge relied upon constitutionally impermissible factors or upon material inaccuracies. United States v. Tucker, 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592, 596 (1972); Townsend v. Burke, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690, 1693–1694 (1948); *accord,* United States v. Brown, 479 F.2d 1170, 1172 (2nd Cir. 1973); Post v. United States, 500 F.2d 582, 584 (8th Cir. 1974); United States v. Dace, 502 F.2d 897, 900 (8th Cir. 1974); Hess v. United States, 496 F.2d 936, 940 (8th Cir. 1974); Jorgenson v. United States, 477 F.2d 905, 906 (8th Cir. 1973).

■ It is apparent from a review of the entire sentencing transcript that the sentencing Judge requested and reviewed the presentence report.[5] During

---

specified period if the failure to act was the result of excusable neglect; *but the court may not enlarge the period for taking any action under Rules 33, 34 and 35, except as otherwise provided in those rules, or the period for taking an appeal."* (Emphasis added.)

5. The sentencing judge is not required to consider any presentence report, although it is within his discretion to do so. Rule 32(c), Federal Rules of Criminal Procedure; Cassidy v. United States, 428 F.2d 585, 588 (8th Cir. 1970); United States v. Williams, 254 F.2d 253 (3rd Cir. 1958).

the sentencing proceedings, the sentencing Judge made reference to a portion of that presentence report, stating as follows:

". . . And one of the things that rather interested me that I find here—very interesting—I find in the report here that before he was arrested he owned a 1965 Lincoln Continental which was paid for. He owned a 1969 Cadillac which was also paid for. Those are rather interesting things to me, in connection with the bank robbery and dope addict and all those things. I find it somewhat difficult to realize how anyone could have accomplished so much in so little time, knowing the cost of that type of motor vehicle.

"I certainly haven't the slightest intention of sending him any place for observation because of dope addiction, because he hasn't been addicted to it to the extent where it's meant anything to him, in respect to any way."

The defendant contends that the reference in the presentence report concerning the defendant's alleged outright ownership of two expensive motor vehicles was "erroneous."

It is clear from the record of the sentencing proceedings that the sentencing Judge considered the bank robbery conviction alone as grounds for the twenty-year sentence. There is no indication in the record that the sentencing Judge relied upon the alleged "erroneous" portion of the presentence report in imposing a sentence of twenty years imprisonment. The only possible contention which may be raised is that the sentencing Judge may have relied, in part, on the allegedly "erroneous" information in denying defense counsel's request for a sentence under the provisions (18 U.S.C. §§ 4251–4255) of the Narcotic Addict Rehabilitation Act. However, there is no reference in the record to indicate that the allegedly "erroneous" presentence information was relied upon or even considered in the context of the ultimate sentencing determination, or with respect to the denial by the sentencing Judge of defense counsel's alternative request for a sentence under Section 4208(a)(2), Title 18, United States Code. The allegedly "erroneous" presentence information did not concern the defendant's criminal record or encompass prior unconstitutional convictions.

▪ Furthermore, although the record does not indicate whether defense counsel was able to review the presentence report prior to sentencing,[6] the sentencing transcript clearly shows that neither defense counsel nor the defendant made any effort to deny the accuracy of the alleged "erroneous" information. Because the sentencing Judge specifically made reference to the allegedly "erroneous" information during the sentencing proceedings and in the presence of defense counsel and the defendant without any denial or attempted correction of the information, there is no merit to the defendant's belated attempt to presently raise this issue. *Cf.* United States v. Holder, 412 F.2d 212, 215 (2nd

---

**6.** Present Rule 32(c)(2) of the Federal Rules of Criminal Procedure is permissive in nature. The sentencing judge is not required to disclose all or part of the material contained in a presentence report to the defendant or his counsel. Rather, the matter of disclosure of the contents of the presentence report is within the sound discretion of the sentencing judge. United States v. Dace, 502 F.2d 897, 899 (8th Cir. 1974); Hess v. United States, 496 F.2d 936, 940 (8th Cir. 1974); United States v. Schrenzel, 462 F.2d 765, 775 (8th Cir. 1972), cert. denied, 409 U.S. 984, 93 S.Ct. 325, 34 L.Ed.2d 248 (1972); United States v. MacLeod, 436 F.2d 947, 950 (8th Cir. 1971), cert. denied, 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647 (1971). However, the amendments to the Federal Rules of Criminal Procedure, which are to take effect on August 1, 1975, require that the sentencing judge, upon request, permit the defendant or his counsel to read the presentence report and afford comment with respect thereof, or under certain circumstances and in lieu thereof, the sentencing judge must state orally or in writing a summary of the factual information contained therein and relied upon in determining sentence, and give the defendant or his counsel an opportunity to comment thereon. *See,* Rule 32(c)(3), Federal Rules of Criminal Procedure (as amended).

Cir. 1969) ; Hess v. United States, 496 F.2d 936, 940 (8th Cir. 1974). Further, no error was assigned on this ground on the defendant's direct appeal.

Under these circumstances, viewing the assumed "erroneous" information in the context of the entire sentencing proceedings and assuming for present purposes only that the defendant did not own the two expensive automobiles, it is concluded that there was no reliance on the part of the sentencing Judge on any material inaccuracies or any misinformation of constitutional magnitude. United States v. Brown, 479 F.2d 1170, 1173 (2nd Cir. 1973) ; Post v. United States, 500 F.2d 582, 584 (8th Cir. 1974) ; Jorgenson v. United States, 477 F.2d 905, 906 (8th Cir. 1973). For these separate and independent reasons, the sentence in this case is not otherwise subject to collateral attack under Section 2255, Title 28, United States Code.

▆▆▆ An additional reason why the defendant's "Motion to Reconsider 'Motion for Amended Sentence' Under Rule 35" should be denied is because the relief requested cannot be granted at this postconviction stage. The defendant requests that his twenty-year sentence ". . . be changed so that it is indeterminate under the provisions of Title 18 U.S.C. 4208(a)(2), instead of a straight sentence."

The prefatory language of Section 4208(a) and a recent United States Supreme Court opinion strongly suggest that the sentencing options available to a federal district court judge under Sections 4208(a)(1) and 4208(a)(2), Title 18, United States Code, are intended to be exercised only upon entering the judgment of conviction and not subsequently as in the case at bar. *See* Bradley v. United States, 410 U.S. 605, 610–611, 93 S.Ct. 1151, 35 L.Ed.2d 528, 533 (1973). "Consequently, § 4208(a)(2) cannot be construed as granting the district court authority independent of Rule 35 to modify or reduce sentences after the 120 day period has expired." United States v. Regan, 503 F.2d 234, 238 (8th Cir. 1974).

A final comment should be made with respect to a question not raised by the defendant. That question is whether a determination was made by the sentencing Judge that the defendant would not benefit from treatment under the provisions of the Federal Youth Corrections Act, Sections 5005–5026, Title 18, United States Code.

At the time of his conviction, the defendant was twenty-three years old. Under the provisions of Section 4209, Title 18, United States Code, a ". . . defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday at the time of conviction, if . . . the court finds that there is (sic) reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act (18 U.S. C. Chap. 402) sentence may be imposed pursuant to the provisions of such act." *See*, United States v. Wilson, 450 F.2d 495 (4th Cir. 1971).

In the recent case of Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), the United States Supreme Court held that federal district court judges must make express findings on the record that any offender eligible for sentencing under the Federal Youth Corrections Act would not benefit from treatment under the provisions of that Act. However, the Supreme Court noted that the Act does not require that such a finding be accompanied by supporting reasons.

Based on a careful review of the sentencing transcript, it appears that neither defense counsel, or counsel for the Government or the sentencing Judge ever mentioned defendant's eligibility to be sentenced under the provisions of the Federal Youth Corrctions Act. Further, the sentencing record appears to be silent on the question whether any determination was ever made by the sentencing Judge that the defendant would not benefit from treatment under the provisions of the Act.

Because it appears that there was no explicit finding made by the sentencing

Judge that the defendant would not benefit from treatment under the provisions of the Act, it is possible that this case might be controlled by the recent ruling of the United States Supreme Court in *Dorszynski*. However, the defendant was sentenced on January 4, 1971, while the *Dorszynski* ruling was made on June 26, 1974. Whether the ruling in *Dorszynski* is to be given retroactive effect is a question upon which there exists a conflict of authority among a limited number of most recently reported federal opinions.

In several circuit opinions involving youth offenders apparently sentenced before the decision in *Dorszynski*, resentencing was directed on the basis of the ruling in *Dorszynski*. *See*, Hoyt v. United States, 502 F.2d 562, 563 (5th Cir. 1974); United States v. Flebotte, 503 F.2d 1057 (4th Cir. 1974); United States v. Schwarz, 500 F.2d 1350, 1352 (2nd Cir. 1974); United States v. Fonseca, 497 F.2d 1384 (5th Cir. 1974). Although none of the above-noted circuit opinions expressly held that the *Dorszynski* ruling was to be applied retroactively, an implied retroactive application of the *Dorszynski* ruling was apparently made in each case.

Conversely, there is a reported opinion in another district holding that the ruling in *Dorszynski* should not be given retroactive effect. In Owens v. United States, 383 F.Supp. 780, 787 (M.D.Pa. 1974), the United States District Court for the Middle District of Pennsylvania expressly held that ". . . *Dorszynski* does not support the retroactive application of the explicit 'no benefit' requirement." In this District, it has been held that the rule is not retroactive. Brager v. United States, Civil Action No. 74CV527–W–2 (W.D.Mo. December 20, 1974).

There do not appear to be any applicable or analogous reported decisions on the question of the retroactive effect of the *Dorszynski* ruling by the United States Court of Appeals for the Eighth Circuit.

In light of the apparent uncertainty of the status of law on the retroactive application of *Dorszynski*, and because the entire record in this case has not been fully reviewed, defendant's "Motion to Reconsider 'Motion for Amended Sentence' Under Rule 35" will be denied without prejudice to the filing of a motion by the defendant, based on the *Dorszynski* ruling, under Section 2255, Title 28, United States Code. [7]

For all the foregoing reasons, it is therefore

Ordered that the defendant's "Motion to Reconsider 'Motion for Amended Sentence' Under Rule 35" be, and it is hereby, denied without prejudice to the filing of a motion by the defendant under the provisions of Section 2255, Title 28, United States Code.

---

7. Even though this Court has alternatively treated the defendant's "Motion to Reconsider 'Motion for Amended Sentence' Under Rule 35" as a motion under Section 2255, Title 28, United States Code, the defendant may still file a second or successive motion under Section 2255, Title 28, United States Code. *See*, Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).