**UNITED STATES of America, Appellee,**

v.

**BEN M. HOGAN CO., INC., Appellant.**

No. 84–1757.

United States Court of Appeals, Eighth Circuit.

Jan. 12, 1987.

Rehearing and Rehearing En Banc Denied March 30, 1987.

Robert V. Light, Friday, Eldredge & Clark, Little Rock, Ark., Richard J. Braun, Gracey, Maddin, Cowan & Bird, Nashville, Tenn., for appellant.

Frederick Freilicher and John J. Powers, III, Appellate Section, Antitrust Div., U.S. Dept. of Justice, Washington, D.C., Mary Coleen T. Sewell, U.S. Dept. of Justice, Dallas, Tex., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

In a divided opinion, this court reversed the conviction of Ben M. Hogan Company on one count of conspiracy to restrain trade in violation of the Sherman Act, 15 U.S.C. § 1 (1982) and affirmed its conviction on three associated mail fraud counts. *Unit-*

ed States v. Ben M. Hogan Co., 769 F.2d 1293 (8th Cir.1985).

The court reversed Hogan's conviction because, in its per se instruction on bid rigging, the district court failed to advise the jury that Hogan's actions must have affected interstate commerce. We reversed notwithstanding the likelihood that the error in the instruction might well be deemed harmless. *See id.* at 1297–98.

Subsequently, on petition for writ of certiorari by the Government, the Supreme Court granted the Government's petition, vacated the judgment, and remanded "for further consideration in light of *Rose v. Clark,* 478 U.S. [——], 106 S.Ct. 3101, 90 L.Ed.2d [460] (1986)." *United States v. Ben M. Hogan Co.,* —— U.S. ——, 106 S.Ct. 3325, 92 L.Ed.2d 732 (1986).

In *Rose v. Clark,* the Court establishes that in a criminal trial, when evidentiary presumptions are given in a charge to the jury that may relieve the prosecution of its burden of proving every element of the crime beyond a reasonable doubt, those instructions, although amounting to constitutional error, do not require a new trial when the reviewing court can confidently say, on the record as a whole, that such error was harmless beyond a reasonable doubt. 106 S.Ct. at 3105.

Our review of the record shows that the court first instructed the jury that the Sherman Act did not apply without a restraint or attempt to restrain interstate commerce. The court then explained that the restraint had to be unreasonable and that certain types of restraints were per se unreasonable. Although the per se instruction created a conclusive presumption that interstate commerce was affected, the jury could not even consider the per se instruction unless it had first found that interstate commerce had been affected. Accordingly, read as a whole, the instructions do not constitute prejudicial error. Furthermore, because the evidence was so dispositive of the issue of effect on interstate commerce, we can say beyond a reasonable doubt that

the jury would have found it unnecessary to rely on the conclusive presumption. *Id.* at 3109 (citing *Connecticut v. Johnson,* 460 U.S. 73, 97 n. 5, 103 S.Ct. 969, 983 n. 5, 74 L.Ed.2d 823 (1983) (Powell, J., dissenting)).

Accordingly, we now affirm the conviction against Hogan on count one for violation of the Sherman Act and the fine imposed of $800,000 as well as reaffirm the convictions on mail fraud, counts two, three and four.

BOWMAN, Circuit Judge, dissenting.

Because I believe that the harmless-error analysis approved in *Rose v. Clark,* —— U.S. ——, 106 S.Ct. 3101, 90 L.Ed.2d 460 (1986), is inapplicable to the present case, I respectfully dissent. *Rose* is a homicide case. It deals with an erroneous instruction that established a rebuttable presumption of malice.[1] As the Court was careful to note, " 'Because a presumption does not remove the issue of intent from the jury's consideration, it is distinguishable from other instructional errors that prevent a jury from considering an issue.' " *Id.* 106 S.Ct. at 3107, n. 8 (quoting *Connecticut v. Johnson,* 460 U.S. 73, 95, n. 3, 103 S.Ct. 969, 982, n. 3, 74 L.Ed.2d 823 (1983)). The Court also observed that

> Despite the strong interests that support the harmless-error doctrine, the Court in *Chapman* recognized that some constitutional errors require reversal without regard to the evidence in the particular case.
>
> \*    \*    \*    \*    \*    \*
>
> This limitation recognizes that some errors necessarily render a trial fundamentally unfair.

106 S.Ct. at 3106. After offering several examples of errors that would necessarily render a trial fundamentally unfair, the Court adds to the list of examples by remarking that "harmless-error analysis presumably would not apply if a court directed a verdict for the prosecution in a criminal

---

**1.** The instructions defined malice as ' "an intent to do any injury to another, a design formed in

the mind of doing mischief to another." ' 106 S.Ct. at 3104.

trial by jury." *Id.* It matters not that the evidence of the accused's guilt is overwhelming, for the rule against directed verdicts for the prosecution

> stems from the Sixth Amendment's clear command to afford jury trials in serious criminal cases. *See Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Where that right is altogether denied, the State cannot contend that the deprivation was harmless because the evidence established the defendant's guilt; the error in such a case is that the wrong entity judged the defendant guilty.

*Id.*

In the present case, the per se instruction informed the jury that if it found Hogan's actions constituted bid-rigging, it could convict Hogan of a violation of the Sherman Act without considering whether the government had proven that Hogan's actions had an effect on interstate commerce. In other words, unlike the instruction in *Rose,* the instruction here established a conclusive, rather than a rebuttable, presumption—a conclusive presumption of effect on interstate commerce. *See United States v. Ben M. Hogan Co.,* 769 F.2d 1293, 1297 (8th Cir.1985). Thus, once the government had proven bid-rigging, the presumption removed the interstate commerce element from the case, since the jury had been instructed that "the mere doing of the act itself constitutes an unreasonable restraint on interstate commerce." Trial Transcript at 492. If the jury conducted its deliberations in keeping with this erroneous per se instruction (and we have no way of knowing that it did not), the instruction necessarily prevented the jury from considering the interstate commerce issue. The instruction thus served the same purpose as a directed verdict for the prosecution on the interstate commerce element of the charged offense. This is all far different from the rebuttable presumption at issue in *Rose,* which removed nothing from the jury's consideration.

Moreover, in *Rose* there is a strong logical connection between the constitutionally infirm rebuttable presumption (that all homicides are presumed to be malicious) and the underlying predicate facts that the jury would have to find beyond a reasonable doubt before the presumption could come into play. "No one doubts that the trial court properly could have instructed the jury that it could *infer* malice from respondent's conduct." *Rose,* 106 S.Ct. at 3108. (Emphasis in original.) The Court's opinion drives this point home by quoting from *Hopper v. Evans,* 456 U.S. 605, 613, 102 S.Ct. 2049, 2054, 72 L.Ed.2d 367 (1982): ' "It would be an extraordinary perversion of the law to say that intent to kill is not established when a felon, engaged in an armed robbery, admits to shooting his victim in the back...." ' 106 S.Ct. at 3108, n. 10. The Court goes on to remark that "it would defy common sense to conclude that an execution-style killing or a violent torture-murder was committed unintentionally." *Id.*

In stark contrast to *Rose,* the conclusive presumption in the present case (effect on interstate commerce) does not flow as a matter of logical inference from the predicate fact of bid-rigging. To establish bid-rigging, the government needed to show only that Hogan conspired with one or more of its competitors to manipulate the competitive-bidding process with respect to one or more road-paving jobs. Additional proof was necessary to show that Hogan's bid-rigging affected interstate commerce. Unlike *Rose,* by no stretch of the imagination would it have been proper here to instruct the jury that it could simply *infer* the requisite effect on interstate commerce from Hogan's conduct. Again, the error in the present case is far different from the error in *Rose,* and far more inimical to the Sixth Amendment's unequivocal command of trial by jury in all criminal prosecutions.

In my view, the error here is the kind of error that necessarily renders a trial fundamentally unfair. I believe that a careful reading of *Rose* supports my conclusion that the harmless-error doctrine has no application to constitutional error of this dimension. No matter how strong the

government's case may be, an accused is entitled to trial by jury on *all* the elements of the offense, not just some of them. Accordingly, I remain convinced that Hogan's Sherman Act conviction must be reversed.

