UNITED STATES of America, Plaintiff,

v.

BEN M. HOGAN COMPANY,
INC., Defendant.

No. LR–CR–84–1.

United States District Court,
E.D. Arkansas, W.D.

Jan. 14, 1988.

Mary Coleen T. Sewell, U.S. Dept. of Justice, Antitrust Div., Dallas, Tex., for plaintiff.

Richard J. Braun, Nashville, Tenn., and Robert V. Light, Friday, Eldredge & Clark, Little Rock, Ark., for defendant.

## MEMORANDUM OPINION AND ORDER

ROY, District Judge.

Before the Court is the defendant's Motion for Reduction of Sentence. On December 10, 1987 the Court held a hearing on the matter, and allowed the parties to file supplemental briefs.

On May 9, 1984 the defendant, Ben M. Hogan Company, Inc., was found guilty by a jury of one count of conspiracy to violate the Sherman Act and three counts of mail fraud. A motion for a new trial or judgment of acquittal was denied by this Court on May 31, 1984. On June 1, 1984 the defendant was sentenced as follows: $800,000 on the conspiracy count, and $1,000 on each of the mail fraud counts for a total fine of $803,000. The Court directed the defendant to pay the fine in three equal installments with the first payment due on September 1, 1984, the second payment due on September 1, 1985 and the final payment due on September 1, 1986. The imposition of the fines was based upon the entire record, which included the report of the U.S. Probation Office. The Court accepted the defendant's figures as indicated in the probation report. The figures were submitted to the probation office by defendant's attorney and vice-president and controller of Ben M. Hogan Company, Inc. Said figures reflected that for five previous years the net worth of Ben M. Hogan Company, Inc. had not been less than $5,076,971 and that in 1980 the net worth was $6,185,126. This company is the holding company, and there are three wholly-owned subsidiaries: Hogan Construction Company, Inc., St. Francis Material Company, and Lewis Foundation Drilling Co., Inc. Ben M. Hogan, Jr. owns the largest amount of stock in Ben M. Hogan Company, Inc., and his daughter, two sons, and wife are employed by the corporation.

On June 7, 1984 defendant appealed to the United States Court of Appeals for the

Eighth Circuit from the judgment and commitment order. On August 8, 1984 the defendant filed a motion for stay of execution. On August 28, 1984 this Court recognized there might be a cash flow problem, and therefore granted the defendant a 10-day extension on paying the first installment, and directed the defendant to furnish the Court with full information concerning the use of the company's equipment as collateral for bond. The Court subsequently received a proposed assignment of collateral, and gave the defendant another 10-day extension to pay the first installment.

On October 1, 1984 Ben M. Hogan, Jr., Chairman and President of Ben M. Hogan Company, Inc., signed and filed with the Court a surety bond, acknowledging that he was indebted to the Government in the penal sum of $267,667. He further stated:

> If Ben M. Hogan Company, Inc. shall pay the first installment of the fine imposed by this Court June 1, 1984, or if said fine shall be vacated or abated by order entered herein by this Court, the United States Court of Appeals for the Eighth Circuit, or the Supreme Court of the United States, then this obligation shall be null and void. The express purpose of this undertaking is to guarantee that Ben M. Hogan Company, Inc. shall pay the first installment of the fine in the sum of $267,667, or so much thereof as shall finally be imposed upon it, when it is due and payable pursuant to the order of this Court. If Ben M. Hogan Company, Inc. does not make payment at that time the undersigned shall do so on behalf of Ben M. Hogan Company, Inc.

On July 25, 1985 the Eighth Circuit Court of Appeals reversed the conviction of Ben M. Hogan Company, Inc. on one count of conspiracy to restrain trade in violation of the Sherman Act, and affirmed its conviction on the three associated mail fraud counts. *United States v. Ben M. Hogan Company, Inc.,* 769 F.2d 1293 (8th Cir. 1985). Subsequently, on petition for writ of certiorari by the Government, the Supreme Court granted the Government's petition, vacated the judgment, and remanded "for further consideration in light of *Rose v. Clark,* 478 U.S. [570], 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986)." *United States v. Ben M. Hogan Company, Inc.,* 478 U.S. 1016, 106 S.Ct. 3325, 92 L.Ed.2d 732 (1986). On remand, on January 12, 1987 the Eighth Circuit Court of Appeals affirmed the conviction against Hogan on Count One for violation of the Sherman Act and the fine imposed of $800,000, and reaffirmed the mail fraud convictions. *United States v. Ben M. Hogan Company, Inc.,* 809 F.2d 480 (8th Cir.1987). On March 30, 1987 defendant's petition for rehearing en banc and by the panel was denied. The Supreme Court subsequently denied defendant's petition for a writ of certiorari. *Ben M. Hogan Company, Inc. v. United States,* —— U.S. ——, 108 S.Ct. 84, 98 L.Ed.2d 46 (1987).

A motion to reduce a sentence under Rule 35 of the Federal Rules of Criminal Procedure is entrusted to the district court's discretion. *United States v. Losing,* 584 F.2d 289 (8th Cir.1978), *cert. denied,* 439 U.S. 1081, 99 S.Ct. 865, 59 L.Ed.2d 51 (1979). A Rule 35 motion is intended to give every convicted defendant a second round before the sentencing judge. *United States v. Colvin,* 644 F.2d 703, 705 (8th Cir.1981). "It also gives the judge an opportunity to reconsider the sentence in the light of any further information about the defendant or the case which may have been presented to him in the interim." *Id.*

The defendant has presented three reasons as to why the sentence should be reduced: (1) Substantially changed financial circumstances; (2) To achieve consistency with other sentences imposed for similar offenses; and (3) To maintain the Ben M. Hogan Company, Inc. as a viable competitor in the construction industry. The Court heard the testimony of four witnesses presented on behalf of the defendant, and has considered it, as well as exhibits which have been attached to the pleadings. At the time of the original sentencing, the defendant was the largest highway contractor in Arkansas. At that time, the Court was aware that defendant might be debarred by the State of Arkansas and it might have to settle any civil case which

the State might bring. This was taken into consideration by the Court as is set out in the Court's order addressing the motion for stay. In fact, most, if not all, of the information that is now presented to the Court was considered by the Court at the original sentencing, and other courts have denied a Rule 35 motion based upon the fact that no new information or material facts or unanticipated matter had been presented. *United States v. Hamilton,* 391 F.Supp. 1090 (W.D.Mo.1975); *United States v. Stromberg,* 179 F.Supp. 278 (S.D.N.Y.1959). Nevertheless, even considering the recently submitted information anew, the Court is not persuaded that a substantial reduction is warranted or justified.

The defendant has submitted lists of cases from 1984 and 1985 which purport to demonstrate that other courts imposed lower fines than that which was imposed upon the defendant. Prior to the imposition of sentence, the Court considered a carefully prepared and extensive probation report, which was compiled after obtaining figures from defendant's own counsel. The Antitrust Division recommended a fine of $1,000,000. The co-defendant, A.P.T. Construction Company, who pled guilty prior to Hogan's trial, was fined $150,000, approximately 15 percent of its net worth. The Probation Office advised the Court it used the same formula in the Hogan case in recommending an $800,000 fine. The Court is not convinced the factual situations and figures involved in the cases cited by the defendant are apposite to this case.

One of the bonding agents for the defendant testified that many of the difficulties defendant has encountered in obtaining bonding are attributable to a $1.6 million note which appears to be payable on December 1, 1988, and the $800,000.00 fine imposed by this Court. The bonding agent did acknowledge that if the $1.6 million note was extended and the Court's fine was payable over a three or four-year period, the company's ability to get bonding would be significantly enhanced.

In July 1987, the defendant was the low bidder on two State of Arkansas highway jobs; one bid was for $3.6 million and the second was for $1.4 million. The company bid on a total of 9 jobs in July 1987. The company also bid on State highway projects in August and September, winning one small job in August and a second job at the September letting. St. Francis Material Company bid and performed over $9 million worth of work in 1985 and 1986.

The testimony reflected that Mr. Hogan's salary is $280,000 per year, and that he enjoys a $410,000.00 interest-free loan from the company. Mr. Hogan is required to pay only $10,000 per year on the note. As a result of those terms, Mr. Hogan is enjoying an annual benefit of $40,000 to $50,000 because he doesn't have to pay interest on the loan. Furthermore, at the time of the sale of St. Francis Material Company in July 1987, $310,914.00 in accounts payable to Ben M. Hogan, Jr., individually, were paid, and substantial amounts were paid to him for assets personally owned by him.

The defendant also asserts that substantial legal expenses have been incurred in its lengthy appeal of this case. The record reflects $268,000.00 was paid to the attorneys for the company prior to the hearing on the motion for reduction. The Court recognizes and appreciates every defendant's right to appeal a jury's verdict and/or the court's rulings. However, the Court does not see the logic in urging the Court to reduce a fine previously imposed because substantial sums of money have been spent in legal fees on appeal. This is indeed a novel approach.

Three and a half years have passed since the sentence was imposed, and defendant has not been required to pay anything during this time, even the $3,000 fine imposed on the mail fraud counts. These counts have consistently been affirmed from the beginning. Ben Hogan, Jr. testified that his salary was $280,000 annually, and it is also noted the company has had the use and benefit of the $803,000 which has never been paid.

The defendant was not required to set up a reserve account or collateral for payment of the fine imposed by the Court nor was it prohibited from selling assets during the

**720**

pendency of the appeals. The absence of such restrictions afforded the defendant favorable financial advantages not usually permitted by the Court and the Antitrust Division. Since June 1984 the defendant has had unfettered use of this money. The defendant's lawyers have been skillful and diligent in seeing that the company had its day in court with two hearings before the Eighth Circuit Court of Appeals and two appeals to the U.S. Supreme Court. They earned their money. But the Court does not view this scenario as a reason to reduce the fine.

Items submitted by the Government indicate that the bank who holds the $1.6 million note will probably extend the loan if the defendant meets its interest payments and pays a portion of the note on December 1, 1988.

In conclusion, the Court does not find that there are any mitigating circumstances in this matter to justify a substantial reduction. Defendant urges the fine be reduced to $100,000. Defendant A.P.T. Construction Company was fined $150,000, approximately 15 percent of its net worth after the Court accepted the plea agreement which required continued cooperation of the defendant. The Court is of the opinion that to reduce the Ben Hogan Company, Inc.'s fine to $100,000, especially in light of the fact that the conspiracy was initiated by the defendant corporation, would be grossly unfair.

To the extent that defendant Hogan's financial condition is in jeopardy, the Court agrees with the Government that this situation has occurred because of the dissipation of company assets resulting from the sale of St. Francis Material Company, the excessive salary of Mr. Hogan and the highly favorable, but somehow questionable, intercompany transactions concerning monies owed by and to Mr. Hogan.

The defendant has argued that unless some relief is given, the corporation cannot remain a viable competitor in the construction business. It is of some economic benefit to the State of Arkansas to have at least several contractors bidding on the jobs. Therefore, in order to best serve the public interest so as to allow defendant to remain as a viable competitor in the construction industry, and in order to facilitate the cash flow of the operation, the Court will reduce the $800,000 fine imposed on the conspiracy count by 10%, to $720,000. The Court will allow the defendant to pay this amount in three installments.

In accordance with this Memorandum Opinion, it is hereby ordered and adjudged that the $3,000.00 fine imposed on the three mail fraud counts be paid by no later than January 25, 1988. It is further ordered that the first installment of $240,000.00 on the conspiracy count be paid by no later than March 25, 1988; the second payment in the amount of $240,000 to be paid by no later than March 25, 1989, and the third payment in the amount of $240,000 to be paid by no later than March 25, 1990.

In view of the protracted litigation and disposition of assets that have occurred, the Court orders that no assets are to be sold or disposed of without permission of this Court. Further, the Court will not favor any further delays in this matter, and in the event of appeal, the defendant will be required to post a reasonable and appropriate bond.